PARNELL COLVIN
6681 TARA AVE
LAS VEGAS, NV 89146
PH: (503) 490-6564
EMAIL: PC681@YAHOO.COM

```
_____ FILED        _____ RECEIVED
_____ ENTERED      _____ SERVED ON
                      COUNSEL/PARTIES OF RECORD

        NOV 1 5 2022

    CLERK US DISTRICT COURT
       DISTRICT OF NEVADA

BY: _____ DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

2:22-cv-01928-CDS-NJK

PARNELL COLVIN,

   Pliantiff.

VS.

TAKO LLC,

   Defendant.

_____/

COMPLAINT FOR COMPENSATORY
AND PUNITIVE DAMAGES

&

DEMAND FOR JURY TRIAL

COMES NOW Pliantiff Parnell Colvin and hereby complains, avers and alleges as follows:

I.

PARTIES AND JURISDICTION

_____

1. At all times relevant herein, Mr Colvin was a resident of the County of Clark, state of Nevada.

2. Plaintiff is informed and believes and thereon alleges that at all times relevant herein, Defendant TAKO LLC, was a Nevada corporation doing busniess in the County of Clark, state of Nevada.

II.

STATEMENT OF FACTS

_____

Jurisdiction is proper in this court as this action arises under federal law: for example provisions of tittle 18 U.S.C 1343 Fraud by wire, radio, or television. Where the defendant filed a forged fraudulent lease contract with the state court using a electronic devise. The defendant knew the document was it electronically filed was fraudulent because the defendants forged Ms. Brown, personal contact information on plaintiff Colvin, contract lease to try and illegally gain an advantage in state court proceedings. Plaintiff Colvin, filed a police report with the Nevada state attorney general office. The Nevada State Attorney general instructed Plaintiff Colvin, to file a police report against the defendant Tako LLC.

Colvin, filed a police report with the Las Vegas Metro Police Department. Colvin, believes using a wire transfer or electronic devise to knowingly and intentionally alter an lease contract and file this illegal document through electronic means for the purpose of knowingly commiting a federal crime. Plaintiff Colvin, will file with the court the forged, fraudulent lease contract the defendant electronically filed to commit the fraud and identity theft.

II.

The defendant also commited Identity Theft due to the sharpe rise in Identity Theft and Assumption Deterrence Act in 1998. Under this act 18 U.S.C. 1028 was amended to make it a federal crime to knowingly commit, attempt to commit, or aid in the committing identity theft.

III.

Plaintiff Colvin, was never served Colvin, is sure that it probably a proof of service filed in state court as many processors will just file in the blanks and file with the court and the courts believe the person was served. This is a commom practice because the companies want busniess and if they are not serving the person they were hired to serve the service company loses busniesses. Not serving me is a denial of due process and can lead to a court granting a default motion. Colvin, knows how important this process is and court demand that the other party be served.

Cases get dismissed if no proof of service is timely filed with the courts. Defendants violated Nevada Revised Statutes Chapter 14 - Commencement of Actions NRS 14.025 - certain requirements for proof of service of process filed with the court. The defendant has violated theses requirements and Colvin, due process rights have been violated as he was never served. This has become a problem all over the country where these procesors are filing and claiming they have served the persons named in legal papers when in fact the persons have never been. Often learning about court proceedings after getting garnished because a default judgement was entered against a party.

Plaintiff Colvin, is reserving his right to amend his complaint at a later date if becomes necessary to litigate his complaint.

///////////

///////////

///////////

WHEREFORE. Plaintiff Colvin, prays for judgment against the defendant as follows:

a. For compensatory damages in the sum according to proof at trial;

b. For special damages in the sum according to proof at trial;

c. For consequential damages in the sum accordingto proof at trial;

d. For punitive damages in a sum according to proof at trial;

e. For all equitable and declaratory relief available;

F. For interest and pre- judgment interest at the statutory rate until the amount of judgment is paid in full;

g. For such other and futher relief as the court may deem appropriate.

DATED THIS NOVEMBER 15, 2022

PARNELL COLVIN

(4)