P. STERLING KERR, ESQ.
Nevada Bar No. 3978
TAYLOR L. SIMPSON, ESQ.
Nevada Bar No. 13956
KERR SIMPSON ATTORNEYS AT LAW
2900 W. Horizon Ridge Parkway, Suite 200
Henderson, Nevada 89052
Telephone No. (702) 451-2055
Facsimile No. (702) 451-2077
Email: sterling@kerrsimpsonlaw.com
Email: taylor@kerrsimpsonlaw.com
*Attorneys for Defendant Tako LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PARNELL COLVIN, | Case No.: 2:22-cv-01928-CDS-NJK |
| Plaintiff, | |
| vs. | **DEFENDANT TAKO LLC'S EMERGENCY MOTION TO REMAND** |
| TAKO LLC, | |
| Defendant. | |

COMES NOW, Defendant TAKO LLC (hereinafter "Tako" or "Defendant"), by and through its counsel, TAYLOR SIMPSON, ESQ. of KERR SIMPSON ATTORNEYS AT LAW, and hereby respectfully submits this Emergency Motion to Remand.

/ / /

/ / /

Pursuant to LR 7-4, this Motion is based on the following Memorandum of Points and Authorities, the Declaration of Taylor Simpson, Esq. attached hereto as **Exhibit 1**, the papers and pleadings on file herein, and the argument of counsel at the hearing of this matter.

DATED this 16th day of November 2022.

KERR SIMPSON ATTORNEYS AT LAW

/s/ Taylor Simpson, Esq.
P. STERLING KERR, ESQ.
Nevada Bar No. 3978
TAYLOR SIMPSON, ESQ.
Nevada Bar No. 13956
2900 Horizon Ridge Parkway, Suite 200
Henderson, Nevada 89052
Telephone No. (702) 451-2055
Facsimile No. (702) 451-2077
Email: sterling@kerrsimpsonlaw.com
Email: taylor@kerrsimpsonlaw.com
*Attorneys for Tako, LLC*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

This matter could be the poster child for abuse of process. Plaintiff Parnell Colvin (hereinafter "Mr. Colvin") has sought to remain in possession of the leased premises without paying rent for nearly four years. Mr. Colvin has been able to achieve such an unscrupulous feat by routinely abusing the federal removal process and the bankruptcy process. This matter was originally a simple summary eviction matter brought in the Las Vegas Justice Court by Defendant Tako, LLC (hereinafter "Tako") because Mr. Colvin failed to fulfill his obligations to pay rent. However, Mr. Colvin has filed bankruptcy ten times within the last nine years. Six of said bankruptcies were filed within three years in order to avoid Tako's eviction attempts. Furthermore, Mr. Colvin's latest attempts at subterfuge and delay include filing the present removal action despite this very same Court remanding with prejudice the matter only nine days ago. The Court

lacks subject-matter jurisdiction to hear the matter. Tako respectfully requests an emergency order remanding the matter (again) and enter an order sanctioning Mr. Colvin by forbidding him from removing this matter again.

## II.  LEGAL ARGUMENT

### a. The Court Should Remand this Matter as there is no Basis for Federal Jurisdiction.

Generally, pursuant to 28 U.S.C. § 1441, a lawsuit may be removed from state court to federal court, in which the federal court has original jurisdiction, an issue of federal law or stemming from the U.S. Constitution. *See* 28 U.S.C. § 1441(a). Additionally, pursuant to 28 U.S.C. § 1441, removal of a lawsuit from state court to federal court may be based on complete diversity of citizenship between the Parties, as long as the controversy in question exceeds $75,000.00. *See* 28 U.S.C. § 1441(b).

Here, there is no basis for federal jurisdiction because this matter is a simple summary eviction matter with no diversity and no issues of federal law. First, there is no diversity jurisdiction. Colvin resides in the property, which is located in Clark County, Nevada. Tako is a Nevada entity and its members are both residents of Clark County, Nevada. Thus, there is no diversity jurisdiction.

Second, there is no federal question. The justice court action is a simple summary eviction proceeding under NRS 40.251 et seq. for Mr. Colvin's unlawful detainer and failure to pay his rental obligations. There are no questions of federal law. Therefore, the Court should remand the matter to the Las Vegas Justice Court.

### b. Tako Respectfully Requests Special Instructions in the Order Remanding the Case.

Tako respectfully requests that if the Court is inclined to grant this Emergency Motion, that the Court include in the Order language affirmatively prohibiting Mr. Colvin from any future

attempts to remove this case again. As this Court is no doubt painfully aware, this Court issued an order on November 7, 2022 dismissing/remanding this matter back to the Las Vegas Justice Court with prejudice for lack of subject matter jurisdiction (Case No. 2:22-cv-00082-CDS-DJA). Tako promptly filed a Motion to Place the Matter back on Calendar. *See* Motion to Place on Calendar attached hereto as **Exhibit 2**. In response, Mr. Colvin improperly filed another removal thus creating the instant case. *See* Motion to Continue Summary Eviction Hearing attached hereto as **Exhibit 3**. In response, the Las Vegas Justice Court entered an Order Vacating Hearing and Continuing Stay Under Federal Removal Notice. See Order Vacating Hearing and Continuing Stay Under Federal Removal Notice attached hereto as **Exhibit 4**. In said Order, the Las Vegas Justice Court stated:

> This hearing officer was informed that the court must recognize the current removal notice and stay the action further. This court may move forward if the Federal Court affirmatively prohibits the Tenant from filing a new removal as it pertains to this eviction action or sanctions the Tenant in some other form which makes it clear the Justice Court may proceed.

Tako, in desperation, respectfully requests that should the Court grant this Emergency Motion, that the Court include in the Order some further instruction that Mr. Colvin is sanctioned or prohibited from any future removal attempts of this action and/or that any such further removal attempts of this action by Mr. Colvin are null and void and that the Justice Court may disregard any such future attempts and may continue. Tako is convinced given Mr. Colvin's duplicitous track history, that if the Court does not issue such special instructions/sanctions, Mr. Colvin will no doubt attempt remove the action again.

/ / /

/ / /

**III.    CONCLUSION**

In conclusion, Tako respectfully requests the Court remand the instant case and issue special instructions and/or sanctions that forbid any future removal attempts.

DATED this 16th day of November 2022.

                                                                          KERR SIMPSON ATTORNEYS AT LAW

                                                                          /s/ Taylor Simpson, Esq.
                                                                          P. STERLING KERR, ESQ.
Nevada Bar No. 3978
TAYLOR SIMPSON, ESQ.
Nevada Bar No. 13956
2900 Horizon Ridge Parkway, Suite 200
Henderson, Nevada 89052
Telephone No. (702) 451-2055
Facsimile No. (702) 451-2077
Email: sterling@kerrsimpsonlaw.com
Email: taylor@kerrsimpsonlaw.com
*Attorneys for Tako, LLC*

# CERTIFICATE OF SERVICE

I certify that I am an employee of Kerr Simpson Attorneys at Law, and the on the 16th day of November 2022, a true and correct copy of the foregoing DEFENDANT TAKO LLC'S EMERGENCY MOTION TO REMAND was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all parties of record registered to receive CM/ECF notification and via first class United States mail.

Parnell Colvin
6681 Tara Ave.
Las Vegas, NV 89146
Pc681@yahoo.com
*Defendant, Pro Se*

                      /s/ Lisa Peters
                      An employee of KERR SIMPSON ATTORNEYS AT LAW