UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Parnell Colvin,<br><br>                Plaintiff<br><br>  v.<br><br>Tako, LLC,<br><br>                Defendant | Case No. 2:22-cv-01928-CDS-NJK<br><br>**Order Denying Motion to Recuse**<br><br>[ECF No. 7] |

Pro se plaintiff Parnell Colvin filed a motion for recusal on November 18, 2022. ECF No. 7. After consideration of the motion, and for the reasons set forth herein, plaintiff's motion is denied.

I.     **Legal standard**

A judge of the United States shall disqualify herself from a proceeding in which her impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). In addition, a judge of the United States shall disqualify herself under circumstances in which she has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Normally, a judge should not be recused when the only basis for the recusal motion is that the judge made adverse rulings in the case where the party seeks the judge's disqualification. *Liteky v. U.S.*, 510 U.S. 540, 555 (1994); *In re Marshall*, 721 F.3d 1032, 1041 (9th Cir. 2013). *See also United States v. Holland*, 519 F.3d 909, 913–14 (9th Cir. 2008) (Section 455(a) is "limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed[,] or statements made by the judge during the course of [proceedings]."). Under § 455, recusal of a federal judge is appropriate for either actual bias or appearance of bias, if "a reasonable person with knowledge of all the facts

would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993); *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991); *Herrington v. Sonoma Cnty.*, 834 F.2d 1488, 1502 (9th Cir. 1987). In this context, the "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather a "well-informed, thoughtful observer" who "understand[s] all the relevant facts" and "has examined the record and law." *Holland*, 519 F.3d 909, 914 (citations omitted). This standard does not mandate recusal upon the mere "unsubstantiated suspicion of personal bias or prejudice." *Id.* (citation omitted). "Since a federal judge is presumed to be impartial, the party seeking disqualification bears a substantial burden to show that the judge is biased." *Torres v. Chrysler Fin. Co.*, 2007 WL 3165665, at *1 (N.D. Cal. Oct. 25, 2007) (citing *Reiffin v. Microsoft Corp.*, 158 F. Supp. 2d 1016, 1021–22 (N.D. Cal. 2001)).

II.   Analysis

Colvin moves for my recusal, asserting that I am biased and prejudiced against him in this action. In support of his requested relief, he claims that my decision to dismiss for lack of subject-matter jurisdiction in a separate—but recent—case[1] demonstrates my impartiality. In his recusal motion, Colvin also asserts several other unsubstantiated and ad hominem attacks and allegations against the court and opposing counsel in this and the prior case. *See generally* ECF No. 7.

As noted above, adverse judicial rulings alone almost never constitute a valid basis for the granting of a recusal motion, and the record here shows no evidence that this case is an exception to that rule. In the prior case, the parties filed competing motions seeking various forms of relief. I denied various motions filed by both Colvin and the defendant, and I issued an order to show cause why the case should not be dismissed for lack of subject-matter jurisdiction.[2] I extended the deadline for Colvin to respond to the show-cause order but denied

---

[1] *See Colvin v. Tako, LLC*, 2:22-cv-00082-CDS-DJA.

[2] *Id.* at ECF Nos. 15 (show-cause order); 20 (minute order denying defendant's motion to dismiss and motion to declare plaintiff a vexatious litigant and denying Colvin's motion for injunctive relief).

some additional requests to extend.[3] Ultimately, I dismissed that action after finding that I lacked subject-matter jurisdiction, which rendered the other pending motions moot.[4] As the United States Supreme Court has long held, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citation omitted). I therefore did not dismiss Colvin's action based on an alleged prejudice against him but instead because I was mandated to by the highest court in our country.

Colvin merely points to his dissatisfaction with my decision that I lacked subject-matter jurisdiction over his separate—but similar—action, involving the same parties, to support his motion for recusal in this case. In sum, Colvin's argument for recusal under § 455 is based entirely on prior rulings—adverse to Colvin—made by me and on his unsubstantiated and conclusory statements. This is insufficient for Colvin to meet the substantial burden of showing that I am biased.

### III. Conclusion

Accordingly, Colvin has failed to present evidence that would lead a reasonable person to conclude that my "impartiality might reasonably be questioned." Thus, for that and the other reasons set forth in this order,

IT IS HEREBY ORDERED that plaintiff's motion for recusal **[ECF No. 7] is DENIED**.

DATED: November 23, 2022

_____
Cristina D. Silva
United States District Judge

---

[3] *Id.* at ECF Nos. 24, 26, 31, and 34.

[4] *Id.* at ECF No. 38.