UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Parnell Colvin,<br><br>                    Plaintiff<br><br>   v.<br><br>Tako, LLC,<br><br>                    Defendant | Case No. 2:22-cv-01928-CDS-NJK<br><br>Order to Show Cause Why Plaintiff Should Not Be Declared a Vexatious Litigant |

  Pro se plaintiff Parnell Colvin seeks to remove this action from state court under 28 U.S.C. §§ 1441 and 1446, asserting that defendant Tako, LLC "has violated certain rights . . . guaranteed by the Fourteenth and Fifth Amendments of the United States Constitution." Removal Mot., ECF No. 2. This case marks Colvin's fourth attempt in the last year to thwart an ongoing eviction action brought against him by Tako in the Las Vegas Justice Court by "removing" it to this court. Because I find that Colvin's repeated attempts to evade Tako's action waste this court's time and resources and impede the adjudication of other pending matters, I order Colvin to show cause why he should not be declared a vexatious litigant and be subject to a permanent pre-filing injunction.

I. **Legal standard**

  The All Writs Act, set forth at 28 U.S.C. § 1651(a), "provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Harris v. Mangum*, 863 F.3d 1133, 1143 (quoting *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007)). The Ninth Circuit has outlined four factors for district courts to examine before declaring a litigant vexatious and entering any pre-filing orders: (1) the litigant must be given notice and a chance to be heard, (2) the district court must compile "an adequate record for review," (3) the district

court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation, and (4) the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered." *Id.* (citing *De Long v. Hennessey*, 912 F.2d at 1144, 1147–48). "The record supporting such an order 'needs to show, in some manner, that the litigant's activities were numerous or abusive.'" *Id.* A pre-filing order is only appropriate "after a cautious review of the pertinent circumstances." *Molski*, 500 F.3d at 1057.

## II. Analysis

### i. Notice and opportunity to be heard

A district court may satisfy "the requirement of providing an opportunity to be heard by written submission rather than an oral or evidentiary hearing." *Windsor v. Boushie*, 677 F. App'x 311, 312 (9th Cir. 2017). This show-cause order provides Colvin notice and an opportunity to be heard in opposition to the possibility that he might be declared a vexatious litigant and have a pre-filing order entered against him. *Molski*, 500 F.3d at 1058–59; *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) (holding that "an opportunity to be heard does not require an oral or evidentiary hearing on the issue," but instead that "[t]he opportunity to brief the issue fully satisfies due[-]process requirements").

### ii. Adequate record for review

Based on my analysis of the court's records, Colvin has initiated at least seven pro se lawsuits in the U.S. District Court, District of Nevada, since 2019. Including the instant case, six of the lawsuits were related to eviction proceedings brought against Colvin and were "removed" by Colvin from state court to this court. Almost all have been dismissed for lack of subject-matter jurisdiction, failure to prosecute, or failure to comply with the law or court order. *See Colvin III v. AHP Realty, LLC et al.*, 2:19-cv-001403-KJD-VCF (failure to demonstrate proof of service, then dismissed for want of prosecution); *Colvin v. AHP Realty, LLC, et al.*, 2:20-cv-00343-GMN-NJK (dismissed for lack of jurisdiction); *Colvin v. Tako, LLC*, 2:21-cv-01373-APG-BNW (dismissed with leave to amend for failure to state a claim, then closed because Colvin failed to

amend); *Colvin v. Tako, LLC*, 2:22-cv-00082-CDS-DJA (dismissed for lack of subject-matter jurisdiction); *Tako, LLC v. Colvin*, 2:22-cv-01837-APG-NJK[1] (order to show cause for lack of subject-matter jurisdiction).

       iii.    *Substantive findings about the frivolous or harassing nature of Colvin's litigation*[2]

The majority of Colvin's claims center around eviction proceedings brought against him in the Las Vegas Justice Court.

       a.    *Colvin III v. AHP Realty, LLC et al.*, 2:19-cv-001403-KJD-VCF

On July 12, 2019, defendant AHP served Colvin with a seven-day notice to pay rent or vacate the property. Compl., ECF No. 1 at 5. Six days later, Colvin filed bankruptcy. *Id.* On August 15, 2019, Colvin filed a complaint in this court alleging that since the Justice Court judge set a summary eviction hearing date, that the "[judge] continues to violate federal law and [his] constitutional rights and due process." *Id.* at 2. The Honorable District Court Judge Kent J. Dawson found Colvin's proof of service was deficient and concluded that it was unclear whether AHP received adequate notice of Colvin's pending action. Order, ECF No. 8. Colvin abandoned the action on February 18, 2020, which was ultimately dismissed for want of prosecution. ECF No. 10.

       b.    *Colvin v. AHP Realty, LLC, et al.*, 2:20-cv-00343-GMN-NJK

On February 18, 2020, Colvin filed a complaint[3] seeking to "dismiss the action that was brought against him in Justice Court[.]" Compl., ECF No. 1. The court issued a notice of intent to dismiss because no proper proof of service was filed as to AHP. ECF No. 34. Defendant Kong

---

[1] Colvin's notice of removal of civil action attempted to remove *Tako, LLC v. Parnell Colvin*, Case No. A-22-860164-C, from the Eighth Judicial District Court and thus listed him as the defendant, rather than the plaintiff, in this action. ECF No. 1.

[2] The docket entry numbers that I use within each of the sections below refer to the dockets of the various cases Colvin has brought in this district.

[3] I note that Colvin's complaint stated that "we were having another flood at the property" (*see* ECF No. 1 at 2), which strongly resembles the facts and circumstances in the instant action.

filed a motion to dismiss for lack of subject-matter jurisdiction, which the court granted. ECF No. 37.

        c.    *Colvin v. Tako, LLC*, 2:21-cv-01373-APG-BNW

Colvin initiated an action against Tako, LLC, contending that Tako's efforts to evict him were barred by the Centers for Disease Control and Prevention's (CDC) eviction moratorium—issued in response to the COVID-19 pandemic—and that his bankruptcy proceeding protected him from eviction. Compl., ECF No. 1. The court dismissed the complaint, with leave to amend, finding that "Colvin's complaint (such as it is) has not shown a plausible claim for relief" and "[Colvin's] bankruptcy proceedings were dismissed . . . so the automatic stay was dissolved before Tako served its papers to evict[.]" Colvin did not file an amended complaint; thus, the case was dismissed. ECF No. 10.

        d.    *Colvin v. Tako, LLC*, 2:22-cv-00082-CDS-DJA

Colvin again attempted to "remove" Tako's eviction action from the Las Vegas Justice Court to this court, alleging that there "[was] a clear violation of his constitutional right to due process." Compl., ECF No. 1. When Colvin sought injunctive relief from this court seeking to stop the eviction proceedings, I determined that the allegations in the motions were insufficient to establish that subject-matter jurisdiction was present in this case, so I ordered Colvin to show cause why the action should not be dismissed for lack of subject-matter jurisdiction. ECF No. 12. I found Colvin's response to the order insufficient to establish the existence of subject-matter jurisdiction and dismissed the action. ECF No. 33; ECF No. 38.

        e.    *Tako, LLC v. Colvin*, 2:22-cv-01837-APG-NJK

On November 1, 2022, Colvin filed a notice of removal of a civil action and complaint, alleging that Tako "had filed a state case against [him], but never served him" and therefore, his "federal due process civil rights have been violated[. . .]." Removal Pet., ECF No. 1. The court issued an order to show cause why this action should not be removed to state court for lack of

subject-matter jurisdiction. ECF No. 5. Colvin was granted an extension of time to respond. As of this order's writing, the deadline for Colvin's response is December 2, 2022. ECF No. 8.

### f. *The instant lawsuit*

The instant action was filed on November 15, 2022. ECF No. 2. I find that Colvin's litigation related to eviction actions brought against him, when considered along with his filing history in this district, is substantively frivolous. The endless litigation initiated by Colvin with seemingly no possibility of prevailing on any of the claims that he asserts is a waste of judicial resources. "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1144, 1148. And although Colvin has a right to access the courts, that right does not allow him to abuse the judicial process through repeated meritless filings related to the same issue. Furthermore, Colvin does not have a good faith motive in pursuing litigation. The court records show that he abuses the judicial process by filing lawsuits—that he likely knows will be dismissed—merely to circumvent or delay the eviction proceedings brought against him in state court. His actions have placed an unnecessary burden on this court and are a vexatious abuse of the judicial process.

### iv. *Narrowly tailored order*

In the Ninth Circuit, a narrowly drawn pre-filing restriction is the only way to curtail Colvin's abusive behavior without unduly infringing his rights to otherwise access the court. The restriction I seek to impose would require Colvin to seek leave prior to filing any initiating documents that relate to any eviction proceedings brought against him in local or state court. The pre-filing injunction will prevent Colvin from filing "only the types of claims [he] had been filing vexatiously" while permitting Colvin access to the courts "on any claim that is not frivolous." *Molski*, 500 F.3d at 1061.

### III. Conclusion

I find that Colvin's repeated waste of court time and resources impedes the adjudication of other pending matters. **I thus order him to show cause in writing by December 9, 2022, why he should not be deemed a vexatious litigant and subjected to a permanent pre-filing injunction related to eviction actions in this district.** Failure to do so by the deadline could result in the remand of this case to state court and the entry of a pre-filing order, as described above, as to Colvin.

DATED: November 28, 2022

_____
Cristina D. Silva
United States District Judge