PARNELL COLVIN
6681 TARA AVE
LAS VEGAS, NV 89146
EMAIL: PC681@YAHOO.COM
PH: (503) 490-6564

```
_____ FILED            _____ RECEIVED
_____ ENTERED          _____ SERVED ON
           COUNSEL/PARTIES OF RECORD

         NOV 2 9 2022

    CLERK US DISTRICT COURT
      DISTRICT OF NEVADA
BY:_____DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PARNELL COLVIN,                                Case No: 2:22-CV-01928

        Pliantiff.                             MOTION TO REPLY FEDERAL COURT
                                               HAS JURISDICTION TO HEAR SAID CASE

        Vs.

TAKO LLC,

        Defendant.
_____/

        Comes Now Plaintiff Parnell Colvin and states this court has legal jurisdiction to hear

said case as the defendant Tako LLC, has violated federal laws which gives this court subject

matter jurisdiction. This court has been very one sided in making sure it will at any cost violate due

process and fairness in the proceedings to do what ever it can to see that the defendant prevail.

Plaintiff Colvin has requested that Judge Silva be recused from hearing his case for her biases and

clearly prejudices torwards Colvin as he will not get a fair legal right to due process with Judge Silva.

Colvin, is in the process of appealing to the Ninth Cir of Appeals requesting that Judge Silva be

reomved from Colvin case for abuse of discretion.

(1)

Colvin is again requesting Judge Silva be removed from his case while he appeals to the

Ninth Cir Court of Appeals Judge Silva should not be presiding over Colvin case making rulings.

Colvin also wants to challenge how he keeps getting his case before the same Judge Silva with the

same defendant. The notice states that case randomly assigned to Judge Cristina D. Silva and

Magistrate Judge Nancy J. Koppe (HAM) how can it be possible to keep ramdomly getting the same

judge. Judge Silva is fixed on making sure Colvin want prevail she has held him to such a higher

standard than the defendants she constantly has Colvin responding to her orders uses language to

suggest Colvin should just lay down and have his rights viloated and say and do nothing.

Now Judge Silva wants Colvin to show why he should not be declared a vexatious litigant

show cause response due by 12/9/2022. Again Judge Silva is showing peripheral treatment and

favoritism for the defendant Tako LLC. I am am sure by the lanuage she used in her order she will

retaliate and hide behind her ruling to find as an vexatious litigant  this is the only way she

can legally silence Colvin. On the other hand she has done nothing to the defendant attorney

Taylor Simpson, who has filed numeriuos bogus motions made frivolous false statements. He has

lied in is motions produced no evidence or supporting facts. Like the so called emergency order

was just a made exaggeration . Yet Judge Silva made me respond to a possibilty of what health

officials might do how do a person even respond to such foolish.

Taylor Simpson has lied in his affidavit he thinks just because he signed it thats makes the

contents of his statements truthful. Simpson has lied repeatly in is filings and yet Judge Silva you

have done nothing to address this you only keep requiring Colvin to always show cause or show

proof of the requests being made by the court. It is also clear that they is a connection between Judge Silva and state court Judge Maria Gall who stated at the hearing that she knew what Judge Silva would do and that was to remand the case back to justice court so she too could rule in favor for the defendant. By attorney Taylor Simpson on words that the courts are tired of Colvin to me this says the fix is in to stop Colvin at all cost.

This court and Las Vegas Justice Court believes this just a little simple eviction case well it is not it is about Colvin rights being denied and him fighting a rigged eviction process tenants have rights and it is a due process that must be followed to evict someone. Judge Silva you came from the state court in the justice building and may even have heard tenants appeals cases as appeals are heard by the Eighth Judicial Court which you were a part of. You want to punish me for protecting my rights most tenants cant afford an attorney or the attorneys that do come to court which are very dont do anything but collect an apperance fee.

The hearing process in the Las Vegas Justice Court is all one sided you have 20-40 cases being called no trial no witnesses being called it is a circus show and the cases are not even heard elected judge but by an employee of the court with glamorous name and tittle called hearing master. Simpson in his filing also submitted my Filing with justice court I mentioned a few of the abuses I seen hearing Master David Brown do to tenants rights which was to abuse them. I will not sit by and just because just do nothing more tenants need to no there rights. I would like to no do Judge Silva no David Brown and is there any kind of past or present relationship which further be a conflict of interests and grounds to recusal from Colvin case.

///////

(3)

This case is not about a simple eviction no thats not it at all it is about the defendant being deceitful and filing a forged , fraudulent lease contract and in doing so stoled Ms. Brown personal identitiy and created and submitted a counterfeit by means of transmitting the fraudulent document through means of wire transmission to commit the illegal act which violates federal law Colvin and Ms. Brown are victims of the illegal conduct of the defendant Tako LLC. Had Mr. Simpson did his due dillegence he would have known the lease contract he submitted was a forged , fraudulent document and in submitting this through wire communication to commit the fraud is a federal crime.

Colvin can also file suit against Mr. Simpson for participating and conspiring to engage in the crime of wire fraud which is a federal crime and other federal crimes committed by the defendant. Justice Court is not even capbale of hearing my claims of due procees it only addresses eviciton my claims are about federal laws being broken by the defendant and I have a constitutional right to seek justice including Ms. Brown who is a victim of the defendant conspiracy scheme Colvin and Ms. Brown are both victims of the crimes the defendant perpetrated against them both.

In fact hearing master David Brown soon realized that the lease contract submitted to him for review was fraudulent the defendant committed identity theft and forgery. Because Ms. Brown was an occupant she could not be evicted the process has to start with the tenant and I am the only listed tenant on the lease.Once hearing master Brown realized he was dealing with a fraudulent lease he stopped the proceedings and asked where is Parnell Ms.Brown replied I was at work. Once Colvin got home Ms. Brown had informed him that she was confused about how hearing master Brown knew all her personally information Colvin knew something was not right and followed his instincts.

(4)

Colvin went to the Justice Court Clerks Office to get a copy of the eviction the defendant filed and that is when Colvin realized that the defendant had altered his original lease committed identity theft of Ms. Brown, changed my lease dates, forged Ms.Brown name and number on the fraudulent lease contract. then used wire transmission method to submit to commit the many federal crimes. Not to mention Colvin was never served and this courts wants Colvin to say it is ok to viloate his rights Ms. Browns rights and just say ok what you have done is ok. It is not and both Colvin and Brown can pursue justice against the defendant in federal court because they have committed federal offences.

colvin has submitted his original lease please ( TENANT LEASE ) the court can see the only name on the lease is Colvin, the only contract number is Colvin, the only initials is Colvin and the only signature again is Colvin. Please see ( LANDLORD COPY ) you will see the defendant wrote in wife , contact number, name and changed the lease dates this contract is fraudulent document where it was being used to illegally gain an advantage ahd Judge Silva you dont see nothibg wrong with this well I did it is called fraud and it is illegal what the defendants did and they must held accountable for there misconduct.

Colvin filed a complaint with the State of Nevada Office of The Attorney General office pleas see complaint form. Colvin was also advised to file a federal complaint because the crimes were also committed through means of wire transmissions which are federal. Colvin has also filed a complaint with the ( FBI ). As the court should no the fbi never comments on cases

it is investigating. Unlike Mr. Simpson who just makes up lies in his motions and files bogus

motions Colvin provides supporting documentation. Colvin even applied for the chap program

where the defendant would have been paid for the rent owed but on two occasions Tako LLC,

refused to participate please see emails from Clark County Social Services and on top of trying to

get rent to the defendant legally they were not entittled to it because the defendant needed to fix

somethings at the property. Nevertheless Colvin still had the means to get the rent paid but the

defendant refused payments. So enough talk from Mr. Simpson stating Colvin has refused to pay

rent Mr. Simpson should know facts before just making comments and statement to sound like he

knows what he is talking about he is very clueless just trying to spin falsehoods to get sympathy

from the courts.

     Federal Wire Fraud Laws wire fraud is a federal crime the use of wire, radio, or television

communication to further that scheme here the denfendant use of wire transmissions to further

there conspiracy to commit the fraud the the fraudulent lease contract was wire transmitted which

a federal crime and gives subject matter jurisdiction to the federal court to hear this case. The wire

fraud statue was enacted by congress in 1952 as a means of extending mail fraud laws to cover

forms of fraud carried outout through means of communication other than mail. Both mail fraud and

wire wire fraud are both federal crimes.

     The Department of Justice prosecutes cases of identity theft and fraud under a variety of

federal statues in the fall of 1998, for example, congress passed the

( IDENTITY THEFT AND ASSUMPTION DETERRENCE ACT.

This legislation created a new offense of identity theft, which phohibits

" Knowingly transfering or using, without lawful authority, a means of identification of another

person with the intent to commit, or to aid, or abet, any unlawful activity that consttutes a violation

of the federal law or that constitutes a felony under any applicable state or local law.

" 18 U.S.C 1028(A)(7).


Schemes to commit identity theft or fraud may also involve violations of other statues such as

identification fraud ( 18 U.S.C. 1028 ), credit card fraud ( 18 U.S.C. 1029 ), computer fraud.

(18 U.S.C 1030 ) , mail fraud ( 18 U.S.C. 1341), wire fraud each of these offenses are federal.

Colvin believes he has met the subject matter jurisdiction and his case against the defendant

should continue in federal court. With that being said Colvin is mindful that Judge Silva, is not a

fair and impartial judge and will be looking for any way to dismiss Colvin lawsuit to hepl the

defendant Tako LLC.


To the court and Simpson this` case is more than just a simple eviction the defendant has

committed federal crimes and Simpson has also participated in the commision of the conspiracy

to commit the wire fraud . Colvin will be amending his complaint to add Mr. Simpson as a defendant

he knew the lease was a fake fraudulent contract because I informed him. He had a duty of care to

verify the authenticty of the document he as attorneys should always do but attorneys like Simpson

get layzy and become complicit and thinking because he is an attorney that some how he tells the

truth and courts take attorneys like Simpson as credible because file numerous motions or been

practicing law for a long time I been around and no this is far from the truth they must be called out!

1

2

CERTIFICATE OF MAILING

3

4

5

6        I CERTIFY ON THIS DAY November 29,2022 I served the defendant by placing said motion

7    in U.S POSTAL SERVICE to the following defendant at the address below.

8

9

10   Taylor Simpson
11   2900 W. Horizon Ridge Parkway, Suit 200
     Henderson, NV 89052
12

13

14

15

16

17

18

19

20

21

22

23

24   DATED NEVENBER 29, 2022

25

26

27   PARNELL  COLVIN

28

(8)

*tenant lease*



# RESIDENTIAL LEASE AGREEMENT

for



6681 Tara Ave _____ Las Vegas _____ NV ___ 89146 ___

*(Property Address)*

1. This AGREEMENT is entered into this __15th__ day of __March__ 20 18 between OWNER'S Name: _____ TAKO LLC _____ OWNER'S Name: _____ (collectively hereinafter, "OWNER" and/or "LANDLORD") legal owner(s) of the property and TENANT's Name: _____ Parnell Colvin _____ TENANT's Name: _____ TENANT's Name: _____ 503-490-6564 _____ TENANT's Name: _____ (collectively, "TENANT"), which parties hereby agree to as follows:

2. PREMISES: LANDLORD hereby leases to TENANT and TENANT hereby leases from LANDLORD, subject to the terms and conditions of the lease, the Premises known and designated as __6681 Tara Ave__ _____ Las Vegas _____ NV _____ 89146 _____ ("the Premises"). Premises Mail Box # _____ Parking Space # _____ , Storage Unit # _____ , Other _____

3. TERM: The term hereof shall commence on ___04/01/18___ and continue until ___03/31/19___, with a total rent of $ ___31,680.00___, then on a month-to-month basis thereafter, until either party shall terminate the same by giving the other party thirty (30) days written notice delivered by US mail or electronic mail. (All calculation based on 30 day month), as governed by paragraph 23 herein.

4. RENT: TENANT agrees to pay, without demand, to LANDLORD as rent for the Premises the total sum of $ ___2,640.00___ per month on the first day of each calendar month, at ___6292 Spring Mountain Rd Las Vegas 89146___ or at such other place as LANDLORD may designate in writing.

5. SUMMARY: The initial rents, charges and deposits are as follows:

| | Total | Received | Balance Due |
|---|---|---|---|
| Rent: From __03/16/18__ To __03/31/18__ | $ ___1387___ | $ ___ | $ ___1387.00 |
| Security Deposit | $ ___2600___ | $ ___ | $ ___2600.00 |
| Key Deposit | $ ___50___ | $ ___ | $ ___50.00 |
| Admin/Credit App Fee (non-refundable) | $ ___ | $ ___ | $ ___ |
| Pet Deposit | $ ___ | $ ___ | $ ___ |
| Cleaning Deposit | $ ___ | $ ___ | $ ___ |
| Cleaning Fee (non-refundable) | $ ___300___ | $ ___ | $ ___300.00 |
| Additional Security | $ ___ | $ ___ | $ ___ |
| Utility Proration | $ ___ | $ ___ | $ ___ |
| Sewer/Trash Proration | $ ___40___ | $ ___ | $ ___40.00 |
| Pre-Paid Rent | $ ___ | $ ___ | $ ___ |
| Pro-Rated Rent for _____ | $ ___ | $ ___ | $ ___ |
| Other _____ | $ ___ | $ ___ | $ ___ |
| Other _____ | $ ___ | $ ___ | $ ___ |
| Other _____ | $ ___ | $ ___ | $ ___ |
| TOTAL | $ ___4377.00___ | $ ___ | $ ___4377.00 |

6. ADDITIONAL MONIES DUE:
Tenant need to pay rent on April 1, 2018 for $2640(2600+40), Tenant agrees to take care the pool, front yard and backyard by tenant self.

Property __6681 Tara Ave__
Owner's Name _____ TAKO LLC _____ Las Vegas _____ NV ___ 89146 ___
Tenant _____ Parnell Colvin _____ Initials ___ Owner's Name _____
Tenant _____ 503-490-6564 _____ Initials ___ Tenant _____ Initials ___
Tenant _____ Initials ___

Residential Lease Agreement Rev. 10/16    © 2016 Greater Las Vegas Association of REALTORS®    Page 1 of 13

*tenant lease*

7. **ADDITIONAL FEES:**

    A. **LATE FEES:** In the event TENANT fails to pay rent when due, TENANT shall pay a late fee of $ ___75___ , plus $ __20__ per day for each day after __3__ days that the sum was due. Such amounts shall be considered to be rent.

    B. **DISHONORED CHECKS:** A charge of $ __75__ shall be imposed for each dishonored check made by TENANT to LANDLORD. TENANT agrees to pay all rents, all late fees, all notice fees and all costs to honor a returned check with certified funds. After TENANT has tendered a check which is dishonored, TENANT hereby agrees to pay all remaining payments including rent due under this Agreement by certified funds. Any payments tendered to LANDLORD thereafter, which are not in the form of certified funds, shall be treated as if TENANT failed to make said payment until certified funds are received. LANDLORD presumes that TENANT is aware of the criminal sanctions and penalties for issuance of a check which TENANT knows is drawn upon insufficient funds and which is tendered for the purpose of committing a fraud upon a creditor.

    C. **ADDITIONAL RENT:** All late fees and dishonored check charges shall be due when incurred and shall become additional rent. **Payments will be applied to charges which become rent in the order accumulated.** All unpaid charges or any fees owed by TENANT, including but not limited to notice fees, attorney's fees, repair bills, utility bills, landscape pool repair and maintenance bills and CIC fines will become additional rent at the beginning of the month after TENANT is billed. TENANT'S failure to pay the full amount for a period may result in the initiation of eviction proceedings. LANDLORD'S acceptance of any late fee or dishonored check fee shall not act as a waiver of any default of TENANT, or as an extension of the date on which rent is due. LANDLORD reserves the right to exercise any other rights and remedies under this Agreement or as provided by law.

8. **SECURITY DEPOSITS:** Upon execution of this Agreement.
TENANT's Name: _____Parnell Colvin_____ TENANT's Name: _____503-490-6564_____
TENANT's Name: _____ TENANT's Name: _____
shall deposit with LANDLORD as a Security Deposit the sum stated in paragraph 5. **TENANT shall not apply the Security Deposit to, or in lieu of, rent.** At any time during the term of this Agreement and upon termination of the tenancy by either party for any reason, the LANDLORD may claim, from the Security Deposit, such amounts due LANDLORD under this Agreement. Any termination prior to the initial term set forth in paragraph 3, or failure of TENANT to provide proper notice of termination, **is a default in the payment of rent for the remainder of the lease term, which may be offset by the Security Deposit.** Pursuant to NRS 118A.242, LANDLORD shall provide TENANT with a written, itemized accounting of the disposition of the Security Deposit within thirty (30) days of surrender of premises. TENANT agrees, upon termination of the tenancy, to provide LANDLORD with a forwarding address to prevent a delay in receiving the accounting and any refund. At the termination of this agreement, the TENANT identified in this paragraph will be refunded the remaining security deposit (if any). In the event of damage to the Premises caused by TENANT or TENANT's family, agents or visitors, LANDLORD may use funds from the deposit to repair, but is not limited to this fund and TENANT remains liable for any remaining costs. (In addition to the above, to be refundable, property must be professionally cleaned to include carpets and all hard surface flooring including tile and grout.) Upon request by Landlord, Tenant must furnish receipts for professional cleaning services.

9. **CONDITION OF PREMISES:** TENANT agrees that TENANT has examined the Premises, including the grounds and all buildings and improvements, and that they are, at the time of this Lease, in good order, good repair, safe, clean, and rentable condition.

Property _6681_ _Tara Ave_
Owner's Name _____
Tenant _____ TAKO LLC _____     Owner's Name _____ Las_Vegas _____ NV ___ 89146
Tenant _____Parnell Colvin_____ Initials __PL__     Tenant _____ Initials _____
Tenant _____503-490-6564_____ Initials _____     Tenant _____ Initials _____

Residential Lease Agreement Rev. 1618     2016 Greater Las Vegas Association of REALTORS     Page 2 of 13

*tenant leqse*

**10. TRUST ACCOUNTS:** BROKER shall retain all interest earned, if any, on security deposits to offset administration and bookkeeping fees.

**11. EVICTION COSTS:** TENANT shall be charged an administrative fee of $____375____ per eviction attempt to offset the costs of eviction notices and proceedings. TENANT shall be charged for service of legal notices and all related fees according to actual costs incurred.

**12. CARDS AND KEYS:** Upon execution of the Agreement, TENANT shall receive the following:
_1_ Door key(s)           _1_ Garage Transmitter Fob(s)      ____ Pool Key(s)
_1_ Mailbox key(s)        ____ Gate Card Fob(s)             _1_ Other(s) _Sun Room_
____ Laundry Room key(s)  ____ Gate Transmitter/Fob(s)       ____ Other(s) _____
TENANT shall make a key deposit (if any) in the amount set forth in paragraph 2 upon execution of this Agreement. The key deposit shall be refunded within 30 days of TENANT's return of all cards and/or keys to LANDLORD or LANDLORD's BROKER DESIGNATED PROPERTY MANAGER.

**13. CONVEYANCES AND USES:** TENANT shall not assign, sublet or transfer TENANT'S interest, nor any part thereof, without prior written consent of LANDLORD.  The Premises shall be used and occupied by TENANT exclusively as a private single-family residence. Neither the Premises nor any part of the Premises or yard shall be used at any time during the term of this Lease for any purpose of carrying on any business, profession, or trade of any kind, or for any purpose other than as a private single-family residence. TENANT shall comply with all the health and sanitary laws, ordinances, rules and orders of appropriate governmental authorities and homeowners associations, if any, with respect to the Premises. TENANT understands and acknowledges that they are not permitted to access the attic crawl space, roof or under the home or any other area of the property that is not considered living space.  TENANT shall not commit waste, cause excessive noise, create a nuisance or disturb others.

**14. OCCUPANTS:** Occupants of the Premises shall be limited to _____6_____ persons and shall be used solely for housing accommodations and for no other purpose. TENANT represents that the following person(s) will live in the Premises:
Parnell Colvin, Monique, Malaysia, Elilah, Parnell JR, Annastashia

**15. GUESTS:** The TENANT agrees to pay the sum of $ ___10.00___ per day for each guest remaining on the Premises more than ___10___ days.  Notwithstanding the foregoing, in no event shall any guest remain on the Premises for more than ___30___ days.

**16. UTILITIES:**  TENANT shall immediately connect all utilities and services of premises upon commencement of lease. TENANT is to pay when due all utilities and other charges in connection with TENANT's individual rented premises. Responsibility is described as (T) for TENANT and (O) for Owner:
Electricity _T_      Trash _T_        Trash Can Rental: _T_        Phone _T_
Gas _T_              Sewer _T_        Cable _T_                   Other _____
Water _T_            Septic _T_       Association Fees _N/A_       Other _____

_the_ TENANT is _____ _____

Property _6681_ _Tara Ave_
Owner's Name _____ _TAKO LLC_                          _Las Vegas_      NV   89146
Tenant _____ _Parnell Colvin_    Initials ___       Owner's Name _____
Tenant _____ _503-490-6564_      Initials ___       Tenant _____     Initials ___
                                                       Tenant _____     Initials ___

Residential Lease Agreement Rev. 10-16        © 2016 Greater Las Vegas Association of REALTORS®        Page 3 of 13

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1816
vivianutq@hotmail.com

Tenant lease

b.   LANDLORD will maintain the connection of the following utilities in LANDLORD's name and bill TENANT for connection fees and use accordingly for the entire term of the lease: _____
N/A
_____

c.   No additional phone or cable lines or outlets or satellite dishes shall be obtained for the Premises without the LANDLORD's written consent. In the event of LANDLORD's consent, TENANT shall be responsible for all costs associated with the additional lines, outlets or dishes. TENANT shall also remove any satellite dishes and restore the subject property to its original condition at the termination of this Agreement.

d.   If an alarm system exists on the Premises, TENANT may obtain the services of an alarm services company and shall pay all costs associated therewith.

e.   TENANT shall not default on any obligation to a utility provider for utility services at the Property. Owner does not pay for any utilities, excluding any such UTILITIES THAT ARE INCLUDED IN HOME OWNER'S ASSOCIATION DUES. TENANT must show all utilities giving service to said property have a zero balance upon move out.

f.   Other: _____
_____

**17. PEST NOTICE:** TENANT understands that various pest, rodent and insect species (collectively, "pests") exist in Southern Nevada. Pests may include, but are not limited to, scorpions (approximately 23 species, including bark scorpions), spiders (including black widow and brown recluse), bees, snakes, ants, termites, rats, mice and pigeons. The existence of pests may vary by season and location. Within thirty (30) days of occupancy, if the Premises has pests, LANDLORD, at TENANT's written request, will arrange for and pay for the initial pest control spraying. TENANT agrees to pay for the monthly pest control spraying fees. For more information on pests and pest control providers, TENANT should contact the State of Nevada Division of Agriculture.

**18. PETS:**   No pet shall be on or about the Premises at any time without written permission of LANDLORD. In the event TENANT wishes to have a pet, TENANT will complete an Application for Pet Approval. Should written permission be granted for occupancy of the designated pet, an additional security deposit in the amount of $__300___ will be required and paid by TENANT in advance subject to deposit terms and conditions aforementioned. In the event written permission shall be granted, TENANT shall be required to procure and provide to LANDLORD written evidence that TENANT has obtained such insurance as may be available against property damage to the Premises and liability to third party injury.  Said policy shall name LANDLORD and LANDLORD's AGENT as additional insureds.  A copy of said policy shall be provided to LANDLORD or LANDLORD's BROKER DESIGNATED PROPERTY MANAGER prior to any pets being allowed within the Premises.  If TENANT obtains a pet without written permission of LANDLORD, such will be an event of default under paragraph 21. TENANT further agrees to pay an immediate fine of $___300___. TENANT agrees to indemnify LANDLORD for any and all liability, loss and damages which LANDLORD may suffer as a result of any animal in the Premises, whether or not written permission was granted.

*(This Space Intentionally Left Blank)*

Property __6681__Tara Ave____
Owner's Name _____
Tenant _____TAKO LLC_____          Las Vegas          NV    89146
Tenant ____Parnell Colvin_____     Initials ___     Owner's Name _____
          _503-490-6564___           Initials ___     Tenant _____  Initials ___
                                                      Tenant _____  Initials ___

Residential Lease Agreement Rev. 1616          © 2016 Greater Las Vegas Association of REALTORS®          Page 4 of 13

tenant lease

19. **RESTRICTIONS:** TENANT shall not keep or permit to be kept in, on, or about the Premises: waterbeds, boats, campers, trailers, mobile homes, recreational or commercial vehicles or any non-operative vehicles except as follows:
N/A

TENANT shall not conduct nor permit any work on vehicles on the premises without the express written consent of the Owner.

20. **ALTERATIONS:** TENANT shall make no alterations to the Premises without LANDLORD's written consent. Unless otherwise agreed in writing between TENANT and LANDLORD, all alterations or improvements to the Premises become the property of LANDLORD, shall remain upon the Premises, and shall constitute a fixture permanently affixed to the Premises. Unless otherwise agreed in writing between TENANT and LANDLORD, TENANT shall be responsible for restoring the Premises to its original condition and removing any alterations or improvements if requested by LANDLORD or LANDLORD's BROKER DESIGNATED PROPERTY MANAGER.

21. **DEFAULT:** Failure by TENANT to pay rent, perform any obligation under this Agreement, or comply with any Association Governing Documents (if any), or TENANT's engagement in activity prohibited by this Agreement, or TENANT's failure to comply with any and all applicable laws, shall be considered a default hereunder. Upon default, LANDLORD may, at its option, terminate this tenancy upon giving proper notice. Upon default, LANDLORD shall issue a proper itemized statement to TENANT noting the amount owed by TENANT, including any and all fees related to eviction and reletting of the subject property. LANDLORD may pursue any and all legal and equitable remedies available

a. FORFEITURE OF SECURITY DEPOSIT - DEFAULT. It is understood and agreed that TENANT shall not attempt to apply or deduct any portion of any security deposit from the last or any month's rent or use or apply any such security deposit at any time in lieu of payment of rent. If TENANT fails to comply, such security deposit shall be forfeited and LANDLORD may recover the rent due as if any such deposit had not been applied or deducted from the rent due. For the purpose of this paragraph, it shall be conclusively presumed that a TENANT leaving the premises while owing rent is making an attempted deduction of deposits. Furthermore, any deposit shall be held as a guarantee that TENANT shall perform the obligations of the Lease and shall be forfeited by the TENANT should TENANT breach any of the terms and conditions of this Lease. In the event of default, by TENANT, of any obligation in this Lease which is not cured by TENANT within five (5) days' notice from LANDLORD, then in addition to forfeiture of the Security Deposit, LANDLORD may pursue any other remedy available by law, equity or otherwise.

b. TENANT PERSONAL INFORMATION UPON DEFAULT. TENANT understands and acknowledges that if TENANT defaults on lease, LANDLORD or Owner may engage the services of an Attorney or a Collection Agency. TENANT understands and acknowledges that LANDLORD Owner may give an Attorney or a Collection Agency, TENANT's personal information, including but not limited to, TENANT's social security number or any other information to aid in collection efforts and holds LANDLORD, Broker, and Owner harmless from any liability in relation to the release of any personal information to these entities.

22. **ENFORCEMENT:** Any failure by LANDLORD to enforce the terms of this Agreement shall not constitute a waiver of said terms by LANDLORD. Acceptance of rent due by LANDLORD after any default shall not be construed to waive any right of LANDLORD or affect any notice of termination or eviction

Property __6681 Tara Ave__
Owner's Name _____ TAKO LLC ____
Tenant __ Parnell Colvin ____
Tenant __ 503-490-6564 __        Initials ____
                                 Initials ____

Owner's Name ___ Las_Vegas ____    NV    89146
Tenant _____
Tenant _____                    Initials ____
                                   Initials ____

Residential Lease Agreement Rev. 10/16        © 2016 Greater Las Vegas Association of REALTORS®

Page 5 of 13

*tenant lease*

a.   ABANDONMENT. LANDLORD is entitled to presume per NRS 118A.450 that TENANT has abandoned the Premises if the TENANT is absent from the premises for a period of time equal to one-half the time for periodic rental payments, unless the rent is current or the TENANT has in writing notified the landlord of an intended absence.

b.   If at any time during the term of this Lease, TENANT abandons the Premises, LANDLORD shall have the following rights: LANDLORD may, at LANDLORD's option, enter the Premises by any means without liability to TENANT for damages and may relet the Premises, for the whole or any part of the then unexpired term, and may receive and collect all rent payable by virtue of such reletting. At LANDLORD's option, LANDLORD may hold TENANT liable for any difference between the rent that would have been payable under this Lease during the balance of the unexpired term, if this Lease had continued in force, and the net rent for such period realized by LANDLORD by means of such reletting. LANDLORD also may dispose of any of TENANTs abandoned personal property, pursuant to Nevada law as LANDLORD deems appropriate, without liability to TENANT.

23. NOTICE OF INTENT TO VACATE: TENANT shall provide notice of TENANT's intention to vacate the Premises. **Such notice shall be in writing and shall be provided to LANDLORD prior to the first day of the last month of the lease term set forth in Section 3 of this Agreement. In no event shall notice be less than 30 days prior to the expiration of the term of this Agreement.** In the event TENANT fails to provide such notice, TENANT shall be deemed to be holding-over on a month-to-month basis until 30 days after such notice. During a holdover not authorized by LANDLORD, rent shall increase by __10____%.

24. TERMINATION: Upon termination of the tenancy, TENANT shall surrender and vacate the Premises and shall remove any and all of TENANT'S property. TENANT shall return keys, personal property and Premises to the LANDLORD in good, clean and sanitary condition, normal wear excepted.

25. EMERGENCIES: The name, address and phone number of the party who will handle maintenance or essential services emergencies on behalf of the LANDLORD is as follows: _____
Carol 702-488-5563, Vivian 702-302-1530

26. MAINTENANCE: TENANT shall keep the Premises in a clean and good condition. TENANT shall immediately report to the LANDLORD any defect or problem on the Premises. TENANT agrees to notify LANDLORD of any water leakage and/or damage within 24 hours of the occurrence. TENANT understands that TENANT may be held responsible for any water and/or mold damage, including the costs of remediation of such damage. TENANT shall be responsible for any MINOR repairs necessary to the Premises up to and including the cost of $___100___. TENANT agrees to pay for all repairs, replacements and maintenance required by TENANT's misconduct or negligence or that of TENANT's family, pets, licensees and guests, including but not limited to any damage done by wind or rain caused by leaving windows open and/or by overflow of water, or stoppage of waste pipes, or any other damage to appliances, carpeting or the Premises in general. At LANDLORD's option, such charges shall be paid immediately or be regarded as additional rent to be paid no later than the next monthly payment date following such repairs. TENANT acknowledges any minor repairs made to the Property must be done by an active, licensed and insured contractor.

a.   TENANT shall change filters in the heating and air conditioning systems at least once every month, at TENANT's own expense. LANDLORD shall maintain the heating and air conditioning systems and provide for major repairs. However, any repairs to the heating or cooling system caused by dirty filters due to TENANT neglect will be the responsibility of TENANT.

| Property | 6681 Tara Ave | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Owner's Name | TARO LLC | | | Owner's Name | Las Vegas | NV | 89146 |
| Tenant | Parnell Colvin | Initials | | Tenant | | | |
| Tenant | 503-490-6564 | Initials | | Tenant | | Initials | |
| | | | | Tenant | | Initials | |

Residential Lease Agreement Rev. 10-16          © 2016 Greater Las Vegas Association of REALTORS®          Page 6 of 13

tenant lease

b.   TENANT shall replace all broken glass, regardless of cause of damage, at TENANT's expense

c.   LANDLORD shall be responsible for all systems including heating, cooling, electrical, plumbing and sewer lines. LANDLORD shall be responsible for all major heating, cooling electrical, plumbing and sewer problems that are not caused by TENANT.

d.   There ____ is –OR– __x__ is not a landscape contractor whose name and phone number are as follows:

_____

In the case of landscaping being maintained by a contractor, TENANT agrees to cooperate with the landscape contractor in a satisfactory manner.  LANDLORD-provided landscaping is not to be construed as a waiver of any responsibility of the TENANT to keep and maintain landscaping and or shrubs, trees and sprinkler system in good condition.

In the event the landscaping is not being maintained by a contractor, TENANT shall maintain lawns, shrubs and trees.  TENANT shall water all lawns, shrubs and trees, mow the lawns on a regular basis, trim the trees and fertilize lawns, shrubs and trees.  IF TENANT fails to maintain the landscaping in a satisfactory manner, LANDLORD may have the landscaping maintained by a landscaping contractor and charge TENANT with the actual cost.  Said costs shall immediately become additional rent.

e.   There ____ is –OR– __x__ is not a pool contractor whose name and phone number are as follows:

_____

In the case of pool maintenance being maintained by a contractor, TENANT agrees to cooperate with the pool maintenance contractor in a satisfactory manner.  LANDLORD-provided pool maintenance is not to be construed as a waiver of any responsibility of the TENANT to keep and maintain the pool in good condition.

In the event the pool is not being maintained by a Contractor, TENANT agrees to maintain the pool, if any, TENANT agrees to maintain the water level, sweep, clean and keep in good condition.  If TENANT fails to maintain the pool in a satisfactory manner, LANDLORD may have the pool maintained by a licensed pool service and charge TENANT with the actual cost.  Said costs shall become additional rent.

f.   Smoking ____ will or __x__ will not be permitted in or about the Premises.  TENANT will be charged any costs incurred for the abatement of any damages by unauthorized smoking in the Premises.

27. **ACCESS:** TENANT agrees to grant LANDLORD the right to enter the Premises at all reasonable times and for all reasonable purposes including showing to prospective lessees, buyers, appraisers, insurance agents, periodic maintenance reviews and business therein as requested by LANDLORD. If TENANT fails to keep scheduled appointments with vendors to make necessary required repairs, TENANT shall pay for any additional charges incurred which will then become part of the next month's rent and be considered additional rent. TENANT shall not deny LANDLORD his/her rights of reasonable entry to the Premises. LANDLORD shall have the right to enter in case of emergency and other situations as specifically allowed by law. LANDLORD agrees to give TENANT twenty-four (24) hours notification for entry, except in case of emergency.

Property  6681  Tara  Ave
Owner's Name _____ TAKO LLC                    Owner's Name    Las Vegas         NV      89146
Tenant _____                        Tenant
Tenant     Parnell Colvin                             Tenant
           503-490-6564              Initials                                      Initials
                                     Initials                                      Initials

Residential Lease Agreement Rev. 16-16          2016 Greater Las Vegas Association of REALTORS®

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1818 ;
vivianutc@hotmail.com

*tenant lease*

a. <u>DISPLAY OF SIGNS</u>. During the last thirty (30) days of this Lease, LANDLORD or LANDLORD's agent may display For Sale or For Rent or similar signs on or about the Premises and enter to show the Premises to prospective purchasers or tenants. TENANT also authorizes Broker to use an electronic keybox to show the Premises during the last 30 days of lease. TENANT further agrees to execute any and all documentation necessary to facilitate the use of a lockbox.

28. **ASSOCIATIONS:** Should the Premises described herein be a part of a common interest community, homeowners association planned unit development, condominium development ("the Association") or such, TENANT hereby agrees to abide by the Governing Documents (INCLUDING Declarations, Bylaws, Articles, Rules and Regulations) of such community and further agrees to be responsible for any fines or penalties levied as a result of failure to do so by TENANT, TENANT's family, licensees or guests. Noncompliance with the Governing Documents shall constitute a violation of this Agreement. Unless billed directly to TENANT by the Association, such fines shall be considered as additional rent and shall be due along with the next monthly payment of rent. By initialing this paragraph, TENANT acknowledges receipt of a copy of the applicable Governing Documents. LANDLORD, at LANDLORD's expense, shall provide TENANT with any additions to such Governing Documents as they become available. LANDLORD may, at its option, with 30 days' notice to TENANT, adopt additional reasonable rules and regulations governing use of the Premises and of the common areas (if any). [ _____ ] [ _____ ] [ _____ ]

29. **INVENTORY:** It is agreed that the following inventory is now on said premises. (Check if present; cross out if absent.)

| | | |
|---|---|---|
| _X_ Refrigerator | ___ Intercom System | ___ Spa Equipment |
| _X_ Stove | ___ Alarm System | ___ Auto Sprinklers |
| _X_ Microwave | ___ Trash Compactor | ___ Auto Garage Openers |
| _X_ Disposal | _X_ Ceiling Fans | ___ BBQ |
| _X_ Dishwasher | ___ Water Conditioner Equip. | ___ Solar Screens |
| _X_ Washer | _X_ Dryer | _X_ Pool Equipment |
| _X_ Garage Opener | ___ Gate Remotes | ___ Carpet |

___ Trash Can(s) (circle one) owner provided   trash service provided
_X_ Floor Coverings (specify type) hard wood, Tile, Carpet _____
_X_ Window Coverings (specify type) blind _____
___ ___ ___ ___ ___
___ ___ ___ ___ ___

TENANT acknowledges that any appliances that are on the premises are for TENANTs use and convenience; however, in the event of a breakdown of said appliance(s) TENANT acknowledges that property manager, LANDLORD and or the owners are not responsible for any damages caused to TENANTs personal property, to include spoilage of food, beverage or clothing etc. as a result of said appliance break down.

*(This Space Intentionally Left Blank)*

Property _6681_ Tara Ave _____ Las Vegas ____ NV __ 89146
Owner's Name _____ TAKO LLC _____
Tenant _____ Parnell Colvin ___   Initials _____   Owner's Name _____
Tenant _____ 503-490-6564 _____   Initials _____   Tenant _____   Initials _____
                                                    Tenant _____   Initials _____

Residential Lease Agreement Rev. 16 16        © 2016 Greater Las Vegas Association of REALTORS®

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1818 |
vivianutg@hotmail.com

*Tenant lease*

**30. INSURANCE:** TENANT __x__ is –OR– _____ is not required to purchase renter's insurance. LANDLORD BROKERAGE, and DESIGNATED PROPERTY MANAGER shall be named as additional insureds on any such policy. LANDLORD shall not be liable for any damage or injury to TENANT, or any other person, to any property occurring on the Premises or any part thereof, or in common areas thereof. TENANT agrees to indemnify, defend and hold LANDLORD harmless from any claims for damages. TENANT understands that LANDLORD's insurance does not cover TENANT's personal property. If the Premises, or any part of the Premises, shall be partially damaged by fire or other casualty not due to TENANT's negligence or willful act, or that of TENANT's family, agent, or visitor, there shall be an abatement of rent corresponding with the time during which, and the extent to which, the Premises is uninhabitable. If LANDLORD shall decide not to rebuild or repair, the term of this Lease shall end and the rent shall be prorated up to the time of the damage.

TENANT hereby acknowledges that the OWNER of the subject property does __x__ or does not ___ have homeowner's insurance. TENANT agrees to cooperate with homeowner and homeowner's insurance company in all relevant matters. TENANT further agrees, upon written notice, to cease any and all actions that may adversely impact OWNER's insurance coverage under said policy.

**31. ILLEGAL ACTIVITIES PROHIBITED:** TENANT is aware of the following: It is a misdemeanor to commit or maintain a public nuisance as defined in NRS 202.450 or to allow any building or boat to be used for a public nuisance. Any person, who willfully refuses to remove such a nuisance when there is a legal duty to do so, is guilty of a misdemeanor. A public nuisance may be reported to the local sheriff's department. A violation of building, health or safety codes or regulations may be reported to the government entity in our local area such as the code enforcement division of the county city government or the local health or building departments. In addition continuing violations of HOA rules and regulations will be considered a public nuisance and TENANT hereby agrees that such continuing HOA violations shall be grounds for eviction.

**32. ADDITIONAL RESPONSIBILITIES:**

a. TENANT may install or replace screens at TENANT's own expense. Solar screen installation requires written permission from LANDLORD. LANDLORD is not responsible for maintaining screens.

b. With the exception of electric cooking devices, outdoor cooking with portable barbecuing equipment is prohibited within ten (10) feet of any overhang, balcony or opening, unless the Premises is a detached single family home. The storage and use of any barbecuing equipment is prohibited indoors, above the first floor and within five (5) feet of any exterior building wall. Adult supervision is required at all times the barbecue equipment is generating heat.

c. The Premises ___ will –OR– __x__ will not be freshly painted before occupancy. If not freshly painted, the Premises ___ will –OR– __x__ will not be touched up before occupancy. TENANT will be responsible for the costs for any holes or excessive dirt or smudges that will require repainting.

d. TENANT agrees to coordinate transfer of utilities to LANDLORD or BROKER-DESIGNATED PROPERTY MANAGER no less than __2__ business days of vacating the Premises.

e. Locks may be replaced or re-keyed at the TENANT'S expense provided TENANT informs LANDLORD and provides LANDLORD with a workable key for each new or changed lock. TENANT further agrees to be responsible for any and all such rekey expenses should TENANT fail to notify LANDLORD in advance of any such replacement.

Property  6681 _Tara_Ave
Owner's Name _____ TAKO LLC _____  Owner's Name _____ Las Vegas ___ NV   89146
Tenant _____ Parnell Colvin _____ Initials __  Tenant _____ Initials __
Tenant _____ 503-490-6564 _____ Initials __  Tenant _____ Initials __

Residential Lease Agreement Rev. 10.16          © 2016 Greater Las Vegas Association of REALTORS®

This form presented by Xing R Hao | AHP Realty LLC | 702-248-1818 |
vivianutg@hotmail.com

tenant lease

f.  TENANT may conduct a risk assessment or inspection of the Premise for the presence of lead-based paint and or lead-based paint hazards at the TENANT's expense for a period of ten days after execution of this agreement. Such assessment or inspection shall be conducted by a certified lead based paint professional. If TENANT for any reason fails to conduct such an assessment or inspection, then TENANT shall be deemed to have elected to lease the Premises "as is" and to have waived this contingency. If TENANT conducts such an assessment or inspection and determines that lead-based paint deficiencies and/or hazards exist, TENANT will notify LANDLORD in writing and provide a copy of the assessment/inspection report. LANDLORD will then have ten days to elect to correct such deficiencies and or hazards or to terminate this agreement. In the event of termination under this paragraph, the security deposit will be refunded to TENANT. (If the property was constructed prior to 1978, refer to the attached Lead-Based Paint Disclosure.)

g.  TENANT may display the flag of the United States, made of cloth, fabric or paper, from a pole, staff or in a window, and in accordance with 4 USC Chapter 1. LANDLORD may, at its option, with 30 days' notice to TENANT, adopt additional reasonable rules and regulations governing the display of the flag of the United States.

h.  TENANT may display political signs subject to any applicable provisions of law governing the posting of political signs, and, if the Premises are located within a CIC, the provisions of NRS 116 and any governing documents related to the posting of political signs. All political signs exhibited must not be larger than 24 inches by 36 inches. LANDLORD may not exhibit any political sign on the Premises unless the TENANT consents, in writing, to the exhibition of the political sign. TENANT may exhibit as many political signs as desired, but may not exhibit more than one political sign for each candidate, political party or ballot question.

i.  DANGEROUS MATERIALS. TENANT shall not keep or have on or around the Premises any article or thing of a dangerous, flammable, or explosive character that might unreasonably increase the danger of fire on or around the Premises or that might be considered hazardous.

**33. CHANGES MUST BE IN WRITING:** No changes, modifications or amendment of this Agreement shall be valid or binding unless such changes, modifications or amendment are in writing and signed by each party. Such changes shall take effect after thirty days' notice to TENANT. This Agreement constitutes the entire agreement between the Parties and supersedes any prior understanding or representation of any kind preceding the date of this Agreement. There are no other promises, conditions, understandings or other agreements, whether oral or written, relating to the subject matter of this Agreement.

**34. CONFLICTS BETWEEN LEASE AND ADDENDUM:** In case of conflict between the provisions of an addendum and any other provisions of this Agreement, the provisions of the addendum shall govern.

**35. ATTORNEY'S FEES:** In the event of any court action, the prevailing party shall be entitled to be awarded against the losing party all costs and expenses incurred thereby, including, but not limited to, reasonable attorney's fees and costs.

**36. NEVADA LAW GOVERNS:** This Agreement is executed and intended to be performed in the State of Nevada in the county where the Premises are located and the laws of the State of Nevada shall govern its interpretation and effect.

**37. WAIVER:** Nothing contained in this Agreement shall be construed as waiving any of the LANDLORD's or TENANT's rights under the laws of the State of Nevada.

Property  6681   Tara Ave
Owner's Name                TAKO LLC                              Owner's Name                    Las Vegas            NV     89146
Tenant                                                            Tenant
Tenant          Parnell Colvin                  Initials          Tenant
                503-490-6564                     Initials                                             Initials
                                                                                                      Initials

Residential Lease Agreement Rev 10-16          © 2016 Greater Las Vegas Association of REALTORS®

Page 10 of 13

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1818 |
vivianutg@hotmail.com

tenant lease

**38. PARTIAL INVALIDITY:** In the event that any provision of this Agreement shall be held invalid or unenforceable, such ruling shall not affect in any respect whatsoever the validity or enforceability of the remainder of this Agreement.

**39. VIOLATIONS OF PROVISIONS:** A single violation by TENANT of any of the provisions of this Agreement shall be deemed a material breach and shall be cause for termination of this Agreement. Unless otherwise provided by the law, proof of any violation of this Agreement shall not require criminal conviction but shall be by a preponderance of the evidence.

**40. SIGNATURES:** The Agreement is accepted and agreed to jointly and severally. The undersigned have read this Agreement and understand and agree to all provisions thereof and further acknowledge that they have received a copy of this Agreement. This Agreement may be executed in any number of counterparts, electronically pursuant to NRS Chapter 719, and by facsimile copies with the same effect as if all parties to this agreement had signed the same document and all counterparts and copies will be construed together and will constitute one and the same instrument.

**41. LICENSEE DISCLOSURE OF INTEREST:** Pursuant to NAC 645.640, _____ is a licensed real estate agent in the State(s) of _____, and has the following interest, direct or indirect, in this transaction:     Principal (LANDLORD or TENANT) –OR–    family relationship or business interest: _____

**42. CONFIRMATION OF REPRESENTATION:** The Agents in this transaction are:

TENANT's Brokerage: _____     Broker's Name: _____
DESIGNATED PROPERTY MANAGER
Agent's Name: _____ Xiang R Mao _____     Agent's License # _____
Address: _6292 Spring Mountain Rd # 105_ _____ _Las Vegas_ ___ NV __89146_
Phone: _____ 702-248-1818 ____ Fax: ____ 702-253-7184 ___ Email: ___ vivianutg@hotmail.com

LANDLORD's Brokerage: _____     Broker's Name: _____
DESIGNATED PROPERTY MANAGER
Agent's Name: _____     Agent's License # _____
Address: _____
Phone: _____ Fax: _____ Email: _____

**43. NOTICES:** Unless otherwise required by law, any notice to be given or served upon any party hereto in connection with this Agreement must be in writing and mailed by certificate of mailing to the following addresses:

BROKERAGE_____     BROKER _____
DESIGNATED PROPERTY MANAGER
Address: _____
Phone: _____ Fax: _____ Email: _____

TENANT: _Parnell Colvin_ _____ _503-490-6564_ _____
Address: _____
Phone: _____ Fax: _____ Email: _____

Property _6681  Tara Ave_ _____ _____ _Las Vegas_ ___ NV __89146_
Owner's Name _____ _TAKO LLC_ _____     Owner's Name _____
Tenant ____ _Parnell Colvin_ _____ Initials ____     Tenant _____ Initials ____
Tenant ____ _503-490-6564_ _____ Initials ____     Tenant _____ Initials ____

Residential Lease Agreement Rev. 10-16          © Greater Las Vegas Association of REALTORS®          Page 11 of 13

This form presented by Xing R Mao | AHF Realty LLC | 702-248-1818
vivianutg@hotmail.com

*Tenant lease*

**44. MILITARY PROVISION:** IN THE EVENT the TENANT is, or hereafter becomes, a member of the United States Armed Forces on extended active duty and hereafter the TENANT receives permanent change of station orders to depart from the area where the Premises are located, or is relieved from active duty, retires or separates from the military, or is ordered into military housing, then in any of these events, the TENANT may terminate this lease upon giving thirty (30) days written notice to the LANDLORD. The TENANT shall also provide to the LANDLORD a copy of the official orders or a letter signed by the TENANT's commanding officer, reflecting the change, which warrants termination under this clause. The TENANT will pay prorated rent for any days (he she) occupy the premises past the first day of the month. The security deposit will be promptly returned to the TENANT, provided there are no damages to the premises, as described by law.

**45. ADDENDA ATTACHED:** Incorporated into this Agreement are the following addenda, exhibits and other information:

A.  Lease Addendum for Drug Free Housing
B.  Lease Addendum for Illegal Activity
C.  Smoke Detector Agreement
D.  HOA Rules and Regulations
E.  Other: _____
F.  Other: _____
G.  Other: _____
H.  Other: _____

**46.   ADDITIONAL TERMS AND CONDITIONS:**
The Owner holding all the tenant security deposit.
The owner has agreed to release said security deposit to the tenant within a 30 day (end of the lease date) Said property has been maintained according to the property condition report or written, itemized account of the disposition of security deposit to the tenant.
Tenant hereby acknowledges property management is with Vivian.
Final inspection of side property. Please contact Carol Pang:702-488-5563
Vivian:702-302-1530
Landlord will not allow anybody smoke inside of the premises.
The landlord has the right to enter the property prior 24 hours notice to the tenant.
Tenant needs to take care the front yard and backyard.
Tenant needs to replace AC filter every month.
Tenant agrees to take care the pool, front yard and backyard by tenant self.
It is tenant's responsibility to follow all the HOA rules and take care the violation letter and fines.
Tenant must keep the house clean and in good condition.

Property  6681  Tara Ave_____                              Las Vegas            NV    89146
Owner's Name _____TAKO LLC .          Owner's Name _____
Tenant  _ Parnell Colvin_     Initials ___   Tenant _____  Initials _____
Tenant  503-490-6564 _____  Initials ___   Tenant _____  Initials _____

This form presented by Xing R Mao | AHP Realty LLC | 702-249-1010 |
vivianutg@hotmail.com

Tenant lease

Landlord agrees to rent the Premises on the above terms and conditions.

_Xing R. Mao_     03/15/2016
LANDLORD OWNER     DATE        LANDLORD OWNER     DATE
OR Authorized Signatory           OR Authorized Signatory
TAKO LLC
PRINT NAME                      PRINT NAME

Tenant agrees to rent the Premises on the above terms and conditions.

    03/15/2018
TENANT'S SIGNATURE     DATE        TENANT'S SIGNATURE     DATE
    Parnell Colvin                  503-490-6564
PRINT NAME                      PRINT NAME

TENANT'S SIGNATURE     DATE        TENANT'S SIGNATURE     DATE
PRINT NAME                      PRINT NAME

> Real Estate Brokers and Designated Property Managers:
>   A. Real estate brokers, licensees, agents, and Designated Property Managers who are not also disclosed as a party to the transaction under paragraph 41 are not parties to this Agreement between Landlord and Tenant.
>   B. Agency relationships are confirmed in paragraph 42.

Property   6681 Tara Ave
Owner's Name         TAKO LLC         Owner's Name     Las Vegas     NV    89146
Tenant        Parnell Colvin         Initials        Owner's Name
Tenant        503-490-6564        Initials        Tenant                 Initials
                                           Tenant                 Initials

Residential Lease Agreement Rev. 10/16      © 2016 Greater Las Vegas Association of REALTORS®

This form presented by Xing R Mao | AJP Realty LLC | 702-248-1818 | vivianutg@hotmail.com

*LANDLORD COPY*



# RESIDENTIAL LEASE AGREEMENT

for



6681  Tara Ave

Las Vegas  NV  89146

(Property Address)

**1. This AGREEMENT** is entered into this ___15th___ day of OWNER'S Name: ___TAKO LLC___ ___ March ___ 20 18  between (collectively hereinafter, "OWNER" and/or "LANDLORD") legal owner(s) of the property and TENANT'S Name: ___Parnell Colvin___ TENANT'S Name: ___wife: 503-3315158___ TENANT'S Name: ___503-490-6564___ TENANT'S Name: ___Monique___ (collectively, "TENANT"). which parties hereby agree to as follows:

**2. PREMISES:** LANDLORD hereby leases to TENANT and TENANT hereby leases from LANDLORD. subject to the terms and conditions of the lease, the Premises known and designated as  6681  Tara Ave ___Las Vegas___ ___NV___ ___89146___ ("the Premises"). Premises Mail Box # Parking Space # _____ , Storage Unit # _____ , Other _____

**3. TERM:** The term hereof shall commence on ___04/01/18___ and continue until ___03/31/20___ , with a total rent of $ ___63,360.00___ , then on a month-to-month basis thereafter, until either party shall terminate the same by giving the other party thirty (30) days written notice delivered by US mail or electronic mail. (All calculation based on 30 day month), as governed by paragraph 23 herein.

**4. RENT:** TENANT agrees to pay. without demand, to LANDLORD as rent for the Premises the total sum of $ ___2,640.00___ **per month** on the first day of each calendar month. at ___6292 Spring Mountain Rd Las Vegas 89146___ , or at such other place as LANDLORD may designate in writing

**5. SUMMARY:** The initial rents, charges and deposits are as follows

| | Total | Received | Balance Due |
|---|---|---|---|
| Rent From 03/16/18 . To 03/31/18 | $ | | |
| Security Deposit | $ 1387 | $ 1387 | $ |
| Key Deposit | $ 2600 | $ 2600 | $ |
| Admin Credit App Fee (non-refundable) | $ 50 | $ 50 | $ |
| Pet Deposit | $ | $ | $ |
| Cleaning Deposit | $ | $ | $ |
| Cleaning Fee (non-refundable) | $ 300 | $ 300 | $ |
| Additional Security | $ | $ | $ |
| Utility Proration | $ | $ | $ |
| Sewer Trash Proration | $ | $ | $ |
| Pre-Paid Rent | $ 40 | $ 40 | $ |
| Pro-Rated Rent for | $ | $ | $ |
| Other | $ | $ | $ |
| Other | $ | $ | $ |
| Other | $ | $ | $ |
| TOTAL | $ 4377.00 | $ 4377.00 | $ |

**6. ADDITIONAL MONIES DUE:**
   Tenant need to pay rent on April 1, 2018 for $2640(2600+40), Tenant agrees to take care the pool, front yard and backyard by tenant self.

Property  6681  Tara Ave
Owner's Name  TAKO LLC  Las Vegas  NV  89146
Tenant  Parnell Colvin  Owner's Name
Tenant  503-490-6564  Initials _A.C._  Tenant
   Initials  Tenant  Initials
   Initials

Residential Lease Agreement Rev xx xx  © South Greater Las Vegas Association of REALTORS  Page 1 of 13

This form presented by Xing R Mao | AMP Realty LLC | 7022481818 |
vivianmta@hotmail.com

*LANDLORD*

**7. ADDITIONAL FEES:**

**A. LATE FEES:** In the event TENANT fails to pay rent when due, TENANT shall pay a late fee of $ _75_ plus $ _20_ per day for each day after _3_ days that the sum was due. Such amounts shall be considered to be rent.

**B. DISHONORED CHECKS:** A charge of $ _75_ shall be imposed for each dishonored check made by TENANT to LANDLORD. TENANT agrees to pay all rents, all late fees, all notice fees and all costs to honor a returned check with certified funds. After TENANT has tendered a check which is dishonored, TENANT hereby agrees to pay all remaining payments including rent due under this Agreement by certified funds. Any payments tendered to LANDLORD thereafter, which are not in the form of certified funds, shall be treated as if TENANT failed to make said payment until certified funds are received. LANDLORD presumes that TENANT is aware of the criminal sanctions and penalties for issuance of a check which TENANT knows is drawn upon insufficient funds and which is tendered for the purpose of committing a fraud upon a creditor.

**C. ADDITIONAL RENT:** All late fees and dishonored check charges shall be due when incurred and shall become additional rent. **Payments will be applied to charges which become rent in the order accumulated.** All unpaid charges or any fees owed by TENANT, including but not limited to notice fees, attorney's fees, repair bills, utility bills, landscape pool repair and maintenance bills and CIC fines will become additional rent at the beginning of the month after TENANT is billed. TENANT'S failure to pay the full amount for a period may result in the initiation of eviction proceedings. LANDLORD'S acceptance of any late fee or dishonored check fee shall not act as a waiver of any default of TENANT, or as an extension of the date on which rent is due. LANDLORD reserves the right to exercise any other rights and remedies under this Agreement or as provided by law.

**8. SECURITY DEPOSITS:** Upon execution of this Agreement,

TENANT's Name: ___ Parnell Colvin ___   TENANT's Name: ___ 503-490-6564 ___

TENANT's Name: ___   TENANT's Name: ___

shall deposit with LANDLORD as a Security Deposit the sum stated in paragraph 5. **TENANT shall not apply the Security Deposit to, or in lieu of, rent.** At any time during the term of this Agreement and upon termination of the tenancy by either party for any reason, the LANDLORD may claim, from the Security Deposit, such amounts due LANDLORD under this Agreement. Any termination prior to the initial term set forth in paragraph 3, or failure of TENANT to provide proper notice of termination, is a default in the payment of rent for the remainder of the lease term, which may be offset by the Security Deposit. Pursuant to NRS 118A.242, LANDLORD shall provide TENANT with a written, itemized accounting of the disposition of the Security Deposit within thirty (30) days of surrender of premises. If TENANT agrees, upon termination of the tenancy, to provide LANDLORD with a forwarding address to prevent a delay in receiving the accounting and any refund. At the termination of this agreement, the TENANT identified in this paragraph will be refunded the remaining security deposit (if any). In the event of damage to the Premises caused by TENANT or TENANT's family, agents or visitors, LANDLORD may use funds from the deposit to repair, but is not limited to this fund and TENANT remains liable for any remaining costs. (In addition to the above, to be refundable, property must be professionally cleaned to include carpets and all hard surface flooring including tile and grout.) Upon request by Landlord, Tenant must furnish receipts for professional cleaning services.

**9. CONDITION OF PREMISES:** TENANT agrees that TENANT has examined the Premises, including the grounds and all buildings and improvements, and that they are, at the time of this Lease, in good order, good repair, safe, clean, and rentable condition.

Property   6681   Tara Ave
Owner's Name
                      TAKO LLC
Tenant                                                    Las Vegas          NV     89146
Parnell Colvin
Tenant       503-490-6564              Initials  PC          Owner's Name
                                        Initials            Tenant
                                                            Tenant                      Initials
                                                                                        Initials

Residential Lease Agreement (Rev. ___)       © 2016 Greater Las Vegas Association of REALTORS®          Page 2 of ___

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1818 |
vivianutg@hotmail com

LANDLORD

**10. TRUST ACCOUNTS:** BROKER shall retain all interest earned, if any, on security deposits to offset administration and bookkeeping fees

**11. EVICTION COSTS:** TENANT shall be charged an administrative fee of $ __375__ per eviction attempt to offset the costs of eviction notices and proceedings. TENANT shall be charged for service of legal notices and all related fees according to actual costs incurred.

**12. CARDS AND KEYS:** Upon execution of the Agreement, TENANT shall receive the following.
   - 1   Door key(s)                     1   Garage Transmitter/Fob(s)         Pool Key(s)
   - 1   Mailbox key(s)                      Gate Card Fob(s)                   Other(s)
         Laundry Room key(s))                Gate Transmitter/Fob(s)           Other(s)
   TENANT shall make a key deposit (if any) in the amount set forth in paragraph 2 upon execution of this Agreement. The key deposit shall be refunded within 30 days of TENANT's return of all cards and/or keys to LANDLORD or LANDLORD's BROKER/DESIGNATED PROPERTY MANAGER.

**13. CONVEYANCES AND USES:** TENANT shall not assign, sublet or transfer TENANT'S interest, nor any part thereof, without prior written consent of LANDLORD. The Premises shall be used and occupied by TENANT exclusively as a private single-family residence. Neither the Premises nor any part of the Premises or yard shall be used at any time during the term of this Lease for any purpose of carrying on any business, profession, or trade of any kind, or for any purpose other than as a private single-family residence. TENANT shall comply with all the health and sanitary laws, ordinances, rules and orders of appropriate governmental authorities and homeowners associations, if any, with respect to the Premises. TENANT understands and acknowledges that they are not permitted to access the attic crawl space, roof or under the home or any other area of the property that is not considered living space. TENANT shall not commit waste, cause excessive noise, create a nuisance or disturb others.

**14. OCCUPANTS:** Occupants of the Premises shall be limited to __6__ persons and shall be used solely for housing accommodations and for no other purpose. TENANT represents that the following person(s) will live in the Premises.
Parnell Colvin, Monique, Malaysia, Elilah, Parnell JR, Annastashia

**15. GUESTS:** The TENANT agrees to pay the sum of $ __10.00__ per day for each guest remaining on the Premises more than __10__ days. Notwithstanding the foregoing, in no event shall any guest remain on the Premises for more than __30__ days.

**16. UTILITIES:** TENANT shall immediately connect all utilities and services of premises upon commencement of lease. TENANT is to pay when due all utilities and other charges in connection with TENANT's individual rented premises. Responsibility is described as (T) for TENANT and (O) for Owner.

| | | | |
|---|---|---|---|
| Electricity _T_ | Trash _T_ | | |
| Gas _T_ | Sewer _T_ | Trash Can Rental _T_ | Phone _T_ |
| Water _T_ | Septic _T_ | Cable _T_ | Other |
| | | Association Fees _N/A_ | Other |

a   TENANT is responsible to connect the following utilities in TENANT'S name:
ALL

Property   6681  Tara Ave
Owner's Name              TAKO LLC                          Las Vegas              NV    89146
Tenant        Parnell Colvin          Initials /BC           Owner's Name
Tenant        503-490-6564            Initials                Tenant                          Initials
                                                                                             Initials
Residential Lease Agreement Rev. 10.16          2016 Greater Las Vegas Association of REALTORS®          Page 3 of 13

LANDLORD

b.  LANDLORD will maintain the connection of the following utilities in LANDLORD's name and bill TENANT for connection fees and use accordingly for the entire term of the lease: _____
N/A _____

c.  No additional phone or cable lines or outlets or satellite dishes shall be obtained for the Premises without the LANDLORD's written consent. In the event of LANDLORD's consent, TENANT shall be responsible for all costs associated with the additional lines, outlets or dishes. TENANT shall also remove any satellite dishes and restore the subject property to its original condition at the termination of this Agreement.

d.  If an alarm system exists on the Premises, TENANT may obtain the services of an alarm services company and shall pay all costs associated therewith.

e.  TENANT shall not default on any obligation to a utility provider for utility services at the Property. Owner does not pay for any utilities, excluding any such UTILITIES THAT ARE INCLUDED IN HOME OWNER'S ASSOCIATION DUES. TENANT must show all utilities giving service to said property have a zero balance upon move out.

f.  Other: _____

**17. PEST NOTICE:** TENANT understands that various pest, rodent and insect species (collectively, "pests") exist in Southern Nevada. Pests may include, but are not limited to, scorpions (approximately 23 species, including bark scorpions), spiders (including black widow and brown recluse), bees, snakes, ants, termites, rats, mice and pigeons. The existence of pests may vary by season and location. Within thirty (30) days of occupancy, if the Premises has pests, LANDLORD, at TENANT's written request, will arrange for and pay for the initial pest control spraying. TENANT agrees to pay for the monthly pest control spraying fees. For more information on pests and pest control providers, TENANT should contact the State of Nevada Division of Agriculture.

**18. PETS:** No pet shall be on or about the Premises at any time without written permission of LANDLORD. In the event TENANT wishes to have a pet, TENANT will complete an Application for Pet Approval. Should written permission be granted for occupancy of the designated pet, an additional security deposit in the amount of $. 300 __ will be required and paid by TENANT. In the event written permission shall be granted, TENANT shall be required to procure and provide to LANDLORD written evidence that TENANT has obtained such insurance as may be available against property damage to the Premises and liability to third party injury. Said policy shall name LANDLORD and LANDLORD'S AGENT as additional insureds.  A copy of said policy shall be provided to LANDLORD or LANDLORD'S BROKER-DESIGNATED PROPERTY MANAGER prior to any pets being allowed within the Premises.   If TENANT obtains a pet without written permission of LANDLORD, such will be an event of default under paragraph 21.  TENANT further agrees to pay an immediate fine of $. 300 __ . TENANT agrees to indemnify LANDLORD for any and all liability, loss and damages which LANDLORD may suffer as a result of any animal in the Premises, whether or not written permission was granted.

*(This Space Intentionally Left Blank)*

Property   6681   Tara Ave
Owner's Name
Tenant        TAKO LLC
Tenant      Parnell Colvin           Initials  PC        Owner's Name      Las Vegas        NV    89146
            503-490-6564             Initials           Tenant
                                                        Tenant                              Initials
                                                                                            Initials

Re: Greater Las Vegas Lease Agreement Rev. 10/16         © 2016 Greater Las Vegas Association of REALTORS®

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1818 |
vivianutg@hotmail com

LANDLORD

19. **RESTRICTIONS:** TENANT shall not keep or permit to be kept in, on, or about the Premises: waterbeds, boats, campers, trailers, mobile homes, recreational or commercial vehicles or any non-operative vehicles except as follows:
**N/A**

**TENANT shall not conduct nor permit any work on vehicles on the premises without the express written consent of the Owner.**

20. **ALTERATIONS:** TENANT shall make no alterations to the Premises without LANDLORD's written consent. Unless otherwise agreed in writing between TENANT and LANDLORD, all alterations or improvements to the Premises become the property of LANDLORD, shall remain upon the Premises, and shall constitute a fixture permanently affixed to the Premises. Unless otherwise agreed in writing between TENANT and LANDLORD, TENANT shall be responsible for restoring the Premises to its original condition and removing any alterations or improvements if requested by LANDLORD or LANDLORD's BROKER-DESIGNATED PROPERTY MANAGER.

21. **DEFAULT:** Failure by TENANT to pay rent, perform any obligation under this Agreement, or comply with any Association Governing Documents (if any), or TENANT's failure to comply with any and all applicable laws, shall be considered a default hereunder. Upon default, LANDLORD may, at its option, terminate this tenancy upon giving proper notice. Upon default, LANDLORD shall issue a proper itemized statement to TENANT noting the amount owed by TENANT, including any and all fees related to eviction and reletting of the subject property. LANDLORD may pursue any and all legal and equitable remedies available.

   a. FORFEITURE OF SECURITY DEPOSIT - DEFAULT. It is understood and agreed that TENANT shall not attempt to apply or deduct any portion of any security deposit from the last or any month's rent or use or apply any such security deposit at any time in lieu of payment of rent. If TENANT fails to comply, such security deposit shall be forfeited and LANDLORD may recover the rent due as if any such deposit had not been applied or deducted from the rent due. For the purpose of this paragraph, it shall be conclusively presumed that a TENANT leaving the premises while owing rent is making an attempted deduction of deposits. Furthermore, any deposit shall be held as a guarantee that TENANT shall perform the obligations of the Lease and shall be forfeited by the TENANT should TENANT breach any of the terms and conditions of this Lease. In the event of default, by TENANT, of any obligation in this Lease which is not cured by TENANT within five (5) days' notice from LANDLORD, then in addition to forfeiture of the Security Deposit, LANDLORD may pursue any other remedy available by law, equity or otherwise.

   b. TENANT PERSONAL INFORMATION UPON DEFAULT. TENANT understands and acknowledges that if TENANT defaults on lease, LANDLORD or Owner may engage the services of an Attorney or a Collection Agency. TENANT understands and acknowledges that LANDLORD Owner may give an Attorney or a Collection Agency TENANT's personal information, including but not limited to, TENANT's social security number or any other information to aid in collection efforts and holds LANDLORD, Broker, and Owner harmless from any liability in relation to the release of any personal information to these entities.

22. **ENFORCEMENT:** Any failure by LANDLORD to enforce the terms of this Agreement shall not constitute a waiver of said terms by LANDLORD. Acceptance of rent due by LANDLORD after any default shall not be construed to waive any right of LANDLORD or affect any notice of termination or eviction.

Property  6681  Tara Ave
Owner's Name                    TAKO LLC                                Las Vegas          NV    89146
Tenant          Parnell Colvin                          Initials    AC          Owner's Name
Tenant          503-490-6564                                                   Tenant
                                                                               Tenant                Initials
Residential Lease Agreement Rev. 10-16                                                                Initials

© 2016 Greater Las Vegas Association of REALTORS®                                                     Page 5 of 13

This form presented by Xing R Mac | AHP Realty LLC | 702-248-1818 |
vivianutg@hotmail.com                                                         Instance

LANDLORD

a.  ABANDONMENT  LANDLORD is entitled to presume per NRS 118A.450 that TENANT has abandoned the Premises if the TENANT is absent from the premises for a period of time equal to one-half the time for periodic rental payments, unless the rent is current or the TENANT has in writing notified the landlord of an intended absence

b.  If at any time during the term of this Lease, TENANT abandons the Premises, LANDLORD shall have the following rights  LANDLORD may, at LANDLORD's option, enter the Premises by any means without liability to TENANT for damages and may relet the Premises, for the whole or any part of the then unexpired term, and may receive and collect all rent payable by virtue of such reletting. At LANDLORD's option, LANDLORD may hold TENANT liable for any difference between the rent that would have been payable under this Lease during the balance of the unexpired term, if this Lease had continued in force, and the net rent for such period realized by LANDLORD by means of such reletting.
LANDLORD also may dispose of any of TENANT's abandoned personal property, pursuant to Nevada law as LANDLORD deems appropriate, without liability to TENANT.

**23. NOTICE OF INTENT TO VACATE:** TENANT shall provide notice of TENANT's intention to vacate the Premises. **Such notice shall be in writing and shall be provided to LANDLORD prior to the first day of the last month of the lease term set forth in Section 3 of this Agreement. In no event shall notice be less than 30 days prior to the expiration of the term of this Agreement.** In the event TENANT fails to provide such notice, TENANT shall be deemed to be holding-over on a month-to-month basis until 30 days after such notice. During a holdover not authorized by LANDLORD, rent shall increase by ____ 10 ____ %.

**24. TERMINATION:** Upon termination of the tenancy, TENANT shall surrender and vacate the Premises and shall remove any and all of TENANT's property   TENANT shall return keys, personal property and Premises to the LANDLORD in good, clean and sanitary condition, normal wear excepted

**25. EMERGENCIES:** The name, address and phone number of the party who will handle maintenance or essential services emergencies on behalf of the LANDLORD is as follows
Carol 702-488-5563, Vivian 702-302-1530

**26. MAINTENANCE:** TENANT shall keep the Premises in a clean and good condition  TENANT shall immediately report to the LANDLORD any defect or problem on the Premises  TENANT agrees to notify LANDLORD of any water leakage and/or damage within 24 hours of the occurrence. TENANT understands that TENANT may be held responsible for any water and/or mold damage, including the costs of remediation of such damage. TENANT shall be responsible for any **MINOR** repairs necessary to the Premises up to and including the cost of $   100   TENANT agrees to pay for all repairs, replacements and maintenance required by TENANT's misconduct or negligence or that of TENANT's family, pets, licensees and guests, including but not limited to any damage done by wind or rain caused by leaving windows open and/or by overflow of water, or stoppage of waste pipes, or any other damage to appliances, carpeting or the Premises in general   At LANDLORD's option, such charges shall be paid immediately or be regarded as additional rent to be paid no later than the next monthly payment date following such repairs   TENANT acknowledges any minor repairs made to the Property must be done by an active, licensed and insured contractor.

a.  TENANT shall change filters in the heating and air conditioning systems at least once every month, at TENANT's own expense. LANDLORD shall maintain the heating and air conditioning systems and provide for major repairs   However, any repairs to the heating or cooling system caused by dirty filters due to TENANT neglect will be the responsibility of TENANT.

Property  6681  Tara Ave                                      Las Vegas                NV      89146
Owner's Name ___ TAKO LLC ___
Tenant ___ Parnell Colvin ___          Initials /C      Owner's Name ___
Tenant  503-490-6564                   Initials          Tenant ___        Initials ___
                                                          Tenant ___        Initials ___

Residential Lease Agreement Rev  8/16          © 2016 Greater Las Vegas Association of REALTORS®          Page 6 of 13

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1818 |
vivianutg@hotmail com

LANDLORD

b. TENANT shall replace all broken glass, regardless of cause of damage, at TENANT's expense.

c. LANDLORD shall be responsible for all systems including heating, cooling, electrical, plumbing and sewer lines. LANDLORD shall be responsible for all major heating, cooling electrical, plumbing and sewer problems that are not caused by TENANT.

d. There ____ is -OR- **X** is not a landscape contractor whose name and phone number are as follows:

_____

In the case of landscaping being maintained by a contractor, TENANT agrees to cooperate with the landscape contractor in a satisfactory manner. LANDLORD-provided landscaping is not to be construed as a waiver of any responsibility of the TENANT to keep and maintain landscaping and/or shrubs, trees and sprinkler system in good condition.

In the event the landscaping is not being maintained by a contractor, TENANT shall maintain lawns, shrubs and trees. TENANT shall water all lawns, shrubs and trees, mow the lawns on a regular basis, trim the trees and fertilize lawns, shrubs and trees. If TENANT fails to maintain the landscaping in a satisfactory manner, LANDLORD may have the landscaping maintained by a landscaping contractor and charge TENANT with the actual cost. Said costs shall immediately become additional rent.

e. There ____ is OR ____ **X** is not a pool contractor whose name and phone number are as follows:

_____

In the case of pool maintenance being maintained by a contractor, TENANT agrees to cooperate with the pool maintenance contractor in a satisfactory manner. LANDLORD-provided pool maintenance is not to be construed as a waiver of any responsibility of the TENANT to keep and maintain the pool in good condition.

In the event the pool is not being maintained by a Contractor, TENANT agrees to maintain the pool, if any. TENANT agrees to maintain the water level, sweep, clean and keep in good condition. If TENANT fails to maintain the pool in a satisfactory manner, LANDLORD may have the pool maintained by a licensed pool service and charge TENANT with the actual cost. Said costs shall become additional rent.

f. Smoking ____ will or **X** will not be permitted in or about the Premises. TENANT will be charged any costs incurred for the abatement of any damages by unauthorized smoking in the Premises.

27. **ACCESS:** TENANT agrees to grant LANDLORD the right to enter the Premises at all reasonable times and for all reasonable purposes including showing to prospective lessees, buyers, appraisers, insurance agents, periodic maintenance reviews and business therein as requested by LANDLORD. If TENANT fails to keep scheduled appointments with vendors to make necessary required repairs, TENANT shall pay for any additional charges incurred which will then become part of the next month's rent and be considered additional rent. TENANT shall not deny LANDLORD his her rights of reasonable entry to the Premises. LANDLORD shall have the right to enter in case of emergency and other situations as specifically allowed by law. LANDLORD agrees to give TENANT twenty-four (24) hours notification for entry, except in case of emergency.

Property  6681  Tara Ave
Owner's Name                                                   Las Vegas          NV      89146
               TAKO LLC
Tenant    Parnell Colvin          Owner's Name
Tenant    503-490-6564    Initials PC    Tenant
                          Initials         Tenant          Initials
                                                            Initials

Residential Lease Agreement Rev. 10/16          © 2016 Greater Las Vegas Association of REALTORS®

                                                                                    Page 7 of 8

This form presented by Xing R Mao | AHP Realty LLC   702-248-1818 |
vivianutg@hotmail.com

LANDLORD

a. **DISPLAY OF SIGNS.** During the last thirty (30) days of this Lease, LANDLORD or LANDLORD's agent may display For Sale or For Rent or similar signs on or about the Premises and enter to show the Premises to prospective purchasers or tenants. TENANT also authorizes Broker to use an electronic keybox to show the Premises during the last 30 days of lease. TENANT further agrees to execute any and all documentation necessary to facilitate the use of a lockbox.

28. **ASSOCIATIONS:** Should the Premises described herein be a part of a common interest community, homeowners association planned unit development, condominium development ("the Association") or such, TENANT hereby agrees to abide by the Governing Documents (INCLUDING Declarations, Bylaws, Articles, Rules and Regulations) of such community and further agrees to be responsible for any fines or penalties levied as a result of failure to do so by TENANT, TENANT's family, licensees or guests.  Noncompliance with the Governing Documents shall constitute a violation of this Agreement. Unless billed directly to TENANT by the Association, such fines shall be considered as additional rent and shall be due along with the next monthly payment of rent.  By initialing this paragraph, TENANT acknowledges receipt of a copy of the applicable Governing Documents. LANDLORD, at LANDLORD's expense, shall provide TENANT with any additions to such Governing Documents as they become available.  LANDLORD may, at its option, with 30 days' notice to TENANT, adopt additional reasonable rules and regulations governing use of the Premises and of the common areas (if any) [ ____ ] [ ____ ] [ ____ ]

29. **INVENTORY:** It is agreed that the following inventory is now on said premises.  (Check if present, cross out if absent.)

| | | |
|---|---|---|
| ✗ Refrigerator | Intercom System | _ Spa Equipment |
| ✗ Stove | Alarm System | _ Auto Sprinklers |
| ✗ Microwave | Trash Compactor | _ Auto Garage Openers |
| ✗ Disposal | ✗ Ceiling Fans | _ BBQ |
| ✗ Dishwasher | Water Conditioner Equip. | _ Solar Screens |
| ✗ Washer | ✗ Dryer | ✗ Pool Equipment |
| ✗ Garage Opener | Gate Remotes | _ Carpet |
| _ Trash Can(s) (circle one) owner provided   trash service provided | | |
| ✗ Floor Coverings (specify type) hard wood, Tile, Carpet_ | | |
| ✗ Window Coverings (specify type) Blind | | |

TENANT acknowledges that any appliances that are on the premises are for TENANTs use and convenience; however, in the event of a breakdown of said appliance(s) TENANT acknowledges that property manager, LANDLORD and or the owners are not responsible for any damages caused to TENANTs personal property, to include spoilage of food, beverage or clothing etc. as a result of said appliance break down.

*(This Space Intentionally Left Blank)*

Property  6681   Tara Ave
Owner's Name       TAKO LLC                                Owner's Name        Las Vegas          NV     89146
Tenant            Parnell Colvin        Initials PC       Tenant
Tenant            503-490-6564          Initials          Tenant                                  Initials
                                                                                                  Initials

Residential Lease Agreement Rev. Date                 · 2016 Greater Las Vegas Association of REALTORS®                    Page 8 of 13

This form presented by Xing R Mao | AMP Realty LLC | 702-248-1816
vivianutg@hotmail.com

LANDLORD

**30. INSURANCE:** TENANT ___ X ___ is OR ___ is not required to purchase renter's insurance. LANDLORD BROKERAGE and DESIGNATED PROPERTY MANAGER shall be named as additional insureds on any such policy. LANDLORD shall not be liable for any damage or injury to TENANT, or any other person, to any property occurring on the Premises or any part thereof, or in common areas thereof. TENANT agrees to indemnify, defend and hold LANDLORD harmless from any claims for damages. TENANT understands that LANDLORD's insurance does not cover TENANT's personal property. If the Premises, or any part of the Premises, shall be partially damaged by fire or other casualty not due to TENANT's negligence or willful act, or that of TENANT's family, agent, or visitor, there shall be an abatement of rent corresponding with the time during which, and the extent to which, the Premises is unhabitable. If LANDLORD shall decide not to rebuild or repair, the term of this Lease shall end and the rent shall be prorated up to the time of the damage.

TENANT hereby acknowledges that the OWNER of the subject property does ___ X ___ or does not ___ have homeowner's insurance. TENANT agrees to cooperate with homeowner and homeowner's insurance company in all relevant matters. TENANT further agrees, upon written notice, to cease any and all actions that may adversely impact OWNER's insurance coverage under said policy.

**31. ILLEGAL ACTIVITIES PROHIBITED:** TENANT is aware of the following: It is a misdemeanor to commit or maintain a public nuisance as defined in NRS 202.450 or to allow any building or boat to be used for a public nuisance. Any person, who willfully refuses to remove such a nuisance when there is a legal duty to do so, is guilty of a misdemeanor. A public nuisance may be reported to the local sheriff's department. A violation of building, health or safety codes or regulations may be reported to the government entity in our local area such as the code enforcement division of the county city government or the local health or building departments. In addition, continuing violations of HOA rules and regulations will be considered a public nuisance and TENANT hereby agrees that such continuing HOA violations shall be grounds for eviction.

**32. ADDITIONAL RESPONSIBILITIES:**

a.   TENANT may install or replace screens at TENANT's own expense. Solar screen installation requires written permission from LANDLORD. LANDLORD is not responsible for maintaining screens.

b.   With the exception of electric cooking devices, outdoor cooking with portable barbecuing equipment is prohibited within ten (10) feet of any overhang, balcony or opening, unless the Premises is a detached single family home. The storage and or use of any barbecuing equipment is prohibited indoors, above the first floor and within five (5) feet of any exterior building wall. Adult supervision is required at all times the barbecue equipment is generating heat.

c.   The Premises ___ will OR ___ X ___ will not be freshly painted before occupancy. If not freshly painted, the Premises ___ will OR ___ X ___ will not be touched up before occupancy. TENANT will be responsible for the costs for any holes or excessive dirt or smudges that will require repainting.

d.   TENANT agrees to coordinate transfer of utilities to LANDLORD or BROKER-DESIGNATED PROPERTY MANAGER no less than ___ 2 ___ business days of vacating the Premises.

e.   Locks may be replaced or re-keyed at the TENANT'S expense provided TENANT informs LANDLORD and provides LANDLORD with a workable key for each new or changed lock. TENANT further agrees to be responsible for any and all such rekey expenses should TENANT fail to notify LANDLORD in advance of any such replacement.

Property   6681   Tara Ave                                              Las Vegas          NV      89146
Owner's Name:   TAKO LLC
Tenant:   Parnell Colvin                     Initials /PC/        Owner's Name                               Initials
Tenant:   503-490-6564                       Initials             Tenant                                     Initials
                                                                  Tenant

Residential Lease Agreement Rev. 10/16          © 2016 Greater Las Vegas Association of REALTORS®                 Page 9 of 13

This form presented by Xing R Mac | AHP Realty LLC | 702-248-1818 |
vivianutg@hotmail.com

LANDLORD

f. TENANT may conduct a risk assessment or inspection of the Premise for the presence of lead-based paint and/or lead-based paint hazards at the TENANT's expense for a period of ten days after execution of this agreement. Such assessment or inspection shall be conducted by a certified lead based paint professional. If TENANT for any reason fails to conduct such an assessment or inspection, then TENANT shall be deemed to have elected to lease the Premises "as is" and to have waived this contingency. If TENANT conducts such an assessment or inspection and determines that lead-based paint deficiencies and/or hazards exist, TENANT will notify LANDLORD in writing and provide a copy of the assessment/inspection report. LANDLORD will then have ten days to elect to correct such deficiencies and/or hazards or to terminate this agreement. In the event of termination under this paragraph, the security deposit will be refunded to TENANT. (If the property was constructed prior to 1978, refer to the attached Lead-Based Paint Disclosure.)

g. TENANT may display the flag of the United States, made of cloth, fabric or paper, from a pole, staff or in a window, and in accordance with 4 USC Chapter 1. LANDLORD may, at its option, with 30 days' notice to TENANT, adopt additional reasonable rules and regulations governing the display of the flag of the United States.

h. TENANT may display political signs subject to any applicable provisions of law governing the posting of political signs, and, if the Premises are located within a CIC, the provisions of NRS 116 and any governing documents related to the posting of political signs. All political signs exhibited must not be larger than 24 inches by 36 inches. LANDLORD may not exhibit any political sign on the Premises unless the TENANT consents, in writing, to the exhibition of the political sign. TENANT may exhibit as many political signs as desired, but may not exhibit more than one political sign for each candidate, political party or ballot question.

i. DANGEROUS MATERIALS. TENANT shall not keep or have on or around the Premises any article or thing of a dangerous, flammable, or explosive character that might unreasonably increase the danger of fire on or around the Premises or that might be considered hazardous.

**33. CHANGES MUST BE IN WRITING:** No changes, modifications or amendment of this Agreement shall be valid or binding unless such changes, modifications or amendment are in writing and signed by each party. Such changes shall take effect after thirty days' notice to TENANT. This Agreement constitutes the entire agreement between the Parties and supersedes any prior understanding or representation of any kind preceding the date of this Agreement. There are no other promises, conditions, understandings or other agreements, whether oral or written, relating to the subject matter of this Agreement.

**34. CONFLICTS BETWEEN LEASE AND ADDENDUM:** In case of conflict between the provisions of an addendum and any other provisions of this Agreement, the provisions of the addendum shall govern.

**35. ATTORNEY'S FEES:** In the event of any court action, the prevailing party shall be entitled to be awarded against the losing party all costs and expenses incurred thereby, including, but not limited to, reasonable attorney's fees and costs.

**36. NEVADA LAW GOVERNS:** This Agreement is executed and intended to be performed in the State of Nevada in the county where the Premises are located and the laws of the State of Nevada shall govern its interpretation and effect.

**37. WAIVER:** Nothing contained in this Agreement shall be construed as waiving any of the LANDLORD's or TENANT's rights under the laws of the State of Nevada.

Property  6681  Tara Ave

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Owner's Name | TAKO LLC | | | Owner's Name | Las Vegas | NV | 89146 |
| Tenant | Parnell Colvin | | Initials | Tenant | | | Initials |
| Tenant | 503-490-6564 | | Initials | Tenant | | | Initials |

Residential Lease Agreement Rev 1/17

© 2016 Greater Las Vegas Association of REALTORS®

Page 11 of 13

This form presented by Xing R Mao | AHP Realty LLC : 702-248-1818 |
vivianutg@hotmail.com

LANDLORD

38. **PARTIAL INVALIDITY:** In the event that any provision of this Agreement shall be held invalid or unenforceable, such ruling shall not affect in any respect whatsoever the validity or enforceability of the remainder of this Agreement.

39. **VIOLATIONS OF PROVISIONS:** A single violation by TENANT of any of the provisions of this Agreement shall be deemed a material breach and shall be cause for termination of this Agreement. Unless otherwise provided by the law, proof of any violation of this Agreement shall not require criminal conviction but shall be by a preponderance of the evidence.

40. **SIGNATURES:** The Agreement is accepted and agreed to jointly and severally. The undersigned have read this Agreement and understand and agree to all provisions thereof and further acknowledge that they have received a copy of this Agreement. This Agreement may be executed in any number of counterparts, electronically pursuant to NRS Chapter 719, and by facsimile copies with the same effect as if all parties to this agreement had signed the same document and all counterparts and copies will be construed together and will constitute one and the same instrument.

41. **LICENSEE         DISCLOSURE      OF      INTEREST:** Pursuant        to       NAC       645.640,
_____ is a licensed real estate agent in the State(s) of _____
(LANDLORD or TENANT) - OR–   and has the following interest, direct or indirect, in this transaction:   Principal _____
family relationship or business interest: _____

42. **CONFIRMATION OF REPRESENTATION:** The Agents in this transaction are:

TENANT's Brokerage:
DESIGNATED PROPERTY MANAGER                           Broker's Name: _____
Agent's Name: _____ Xing R Mao
Address: 6292 Spring Mountain Rd # 105                 Agent's License # _____
Phone: ____ 702-248-1818 ____ Fax: ____ 702-253-7184 ____       Las Vegas          NV   89146
                                                       Email: ____ vivianutg@hotmail.com

LANDLORD's Brokerage:
DESIGNATED PROPERTY MANAGER                           Broker's Name: _____
Agent's Name: _____
Address _____                                 Agent's License # _____
Phone: _____ Fax: _____
                                                       Email: _____

43. **NOTICES:** Unless otherwise required by law, any notice to be given or served upon any party hereto in connection with this Agreement must be in writing and mailed by certificate of mailing to the following addresses:

BROKERAGE: _____
DESIGNATED PROPERTY MANAGER                           BROKER _____
Address _____
Phone: _____ Fax: _____
                                                       Email: _____

TENANT  Parnell Colvin
Address _____        503-490-6564
Phone: _____ Fax: _____
                                                       Email: _____

Property  6681   Tara Ave
Owner's Name        TAKO LLC                                    Las Vegas        NV    89146
Tenant        Parnell Colvin              Initials  A          Owner's Name
Tenant          503-490-6564              Initials              Tenant                  Initials
                                                               Tenant                  Initials

Residential Lease Agreement Rev. 10/16        © Greater Las Vegas Association of REALTORS®

Page 11 of 13

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1818 |
vivianutg@hotmail.com

LANDLORD

44. **MILITARY PROVISION:** IN THE EVENT the TENANT is, or hereafter becomes, a member of the United States Armed Forces on extended active duty and hereafter the TENANT receives permanent change of station orders to depart from the area where the Premises are located, or is relieved from active duty, retires or separates from the military, or is ordered into military housing, then in any of these events, the TENANT may terminate this lease upon giving thirty (30) days written notice to the LANDLORD. The TENANT shall also provide to the LANDLORD a copy of the official orders or a letter signed by the TENANT's commanding officer, reflecting the change, which warrants termination under this clause. The TENANT will pay prorated rent for any days (he she) occupy the premises past the first day of the month. The security deposit will be promptly returned to the TENANT, provided there are no damages to the premises, as described by law.

45. **ADDENDA ATTACHED:** Incorporated into this Agreement are the following addenda, exhibits and other information:

| | |
|---|---|
| A. | Lease Addendum for Drug Free Housing |
| B. | Lease Addendum for Illegal Activity |
| C. | Smoke Detector Agreement |
| D. | HOA Rules and Regulations |
| E. | Other: |
| F. | Other: |
| G. | Other: |
| H. | Other: |

46.    **ADDITIONAL TERMS AND CONDITIONS:**
The Owner holding all the tenant security deposit.
The owner has agreed to release said security deposit to the tenant within a 30 day(end of the lease date) Said property has been maintained according to the property condition report or written, itemized account of the disposition of security deposit to the tenant.
Tenant hereby acknowledges property management is with Vivian.
Final inspection of side property. Please contact Carol Pang:702-488-5563 Vivian:702-302-1530
Landlord will not allow anybody smoke inside of the premises.
The landlord has the right to enter the property prior 24 hours notice to the tenant.
Tenant needs to take care the front yard and backyard.
Tenant needs to replace AC filter every month.
Tenant agrees to take care the pool, front yard and backyard by tenant self.
It is tenant's responsibility to follow all the HOA rules and take care the violation letter and fines.
Tenant must keep the house clean and in good condition.

Property   6681   Tara Ave                                          Las Vegas          NV      89146
Owner's Name                  TAKO LLC                  Owner's Name
Tenant          Parnell Colvin            Initials      Tenant
Tenant          503-490-6564                            Tenant                Initials
                                                                              Initials

Residential Lease Agreement Rev. 16-16          © 2016 Greater Las Vegas Association of REALTORS®                    Page 12 of 13

This form presented by Xing R Mao | AHP Realty LLC | 702-246-1818 ;
vivianutg@hotmail.com



1
2
3
4
5
6
7
8
9
10
11

12  **Landlord agrees to rent the Premises on the above terms and conditions.**

13
14
15
*Xing R Mao*                           03/15/2018
16  LANDLORD OWNER                    DATE          LANDLORD OWNER                    DATE
17  OR Authorized Signatory                         OR Authorized Signatory
18  TAKO LLC
19  PRINT NAME                                      PRINT NAME
20
21
22  **Tenant agrees to rent the Premises on the above terms and conditions.**
23
24
25
                                       03/15/2018
26  TENANT'S SIGNATURE                 DATE         TENANT'S SIGNATURE                 DATE
27           Parnell,Colvin                                  503-490-6564
28  PRINT NAME                                      PRINT NAME
29
30
31  TENANT'S SIGNATURE                 DATE         TENANT'S SIGNATURE                 DATE
32
33  PRINT NAME                                      PRINT NAME
34
35
36  **Real Estate Brokers and Designated Property Managers:**
37       A.   Real estate brokers, licensees, agents, and Designated Property Managers who are not also disclosed as
38            a party to the transaction under paragraph 41 are not parties to this Agreement between Landlord and
39            Tenant.
40       B.   Agency relationships are confirmed in paragraph 42
41
42

Property   6681   Tara Ave                                    Las Vegas            NV    89146
Owner's Name        TAKO LLC                          Owner's Name
Tenant          Parnell,Colvin              Initials A.    Tenant                          Initials
Tenant          503-490-6564                Initials        Tenant                          Initials

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1818 |
vivianutg@hotmail.com

# STATE OF NEVADA
## OFFICE OF THE ATTORNEY GENERAL

*100 N. CARSON ST., CARSON CITY, NV 89701 – TEL# 775-684-1100 – FAX# 775-684-1108*

*555 E. WASHINGTON AVE., STE 3900, LAS VEGAS, NV 89101 – TEL# 702-486-3420 – FAX# 702-486-3768*



# COMPLAINT FORM

*The information you provide on this form may be used to help us investigate violations of state laws.* **Please be sure to complete all required fields.** *The length of this process can vary depending on the circumstances and information you provide. The Attorney General's office may contact you if additional information is needed. Supplemental materials can be attached to Section 6 of this complaint form, and if additional supplemental materials are acquired after submitting this form, please email them to* AGCOMPLAINT@ag.nv.gov *with* COMPLAINT *in the subject line.*

## ***ONLY COMPLAINTS THAT ARE SIGNED WILL BE PROCESSED***

HAVE YOU PREVIOUSLY FILED A COMPLAINT WITH OUR OFFICE? ☐ YES ☒ NO
If so, what are the approximate dates of previously filed complaint(s)?

## SECTION 1: COMPLAINANT INFORMATION

| | | |
|---|---|---|
| LAST NAME: Colvin | FIRST NAME: Parnell | M.I. |
| ORGANIZATION: | | |
| ADDRESS: 6681 Tara Ave | CITY: Las Vegas | STATE: Nv   ZIP: 89146 |
| PHONE/MOBILE: (503)490-6564 | EMAIL: PC681@YAHOO.COM | |
| AGE GROUP: | UNDER 18 | x   18 to 59     60 AND OVER |
| PRIMARY LANGUAGE: English | | |

## SECTION 2: TYPE OF COMPLAINT

| | | |
|---|---|---|
| ✓ GENERAL INVESTIGATIONS | MISSING CHILDREN | TICKET SALES |
| HIGH TECH CRIME | MORTGAGE FRAUD | WORKERS COMP FRAUD |
| INSURANCE FRAUD | OPEN MEETING LAW | OTHER |
| MEDICAID FRAUD | PUBLIC INTEGRITY | |

## SECTION 3: MY COMPLAINT IS AGAINST

☑ INDIVIDUAL  ☑ BUSINESS  ☐ AGENCY

NAME OF INDIVIDUAL/BUSINESS/AGENCY:
**AHP REALITY LLC / Vivian R. Mao**

| ADDRESS: 6292 W Spring Mountain Rd #105 | CITY: Las Vega | STATE: Nv | ZIP: 89146 |
|---|---|---|---|

| TELEPHONE NUMBER: (702)302-1530 | EMAIL: vivianutg@hotmail.com |
|---|---|

WEBSITE:

DATE ALLEGED VIOLATION OCCURRED: **October 1,2019 to present.**

WAS A CONTRACT SIGNED? ☒ YES  ☐ NO

HAVE YOU CONTACTED ANOTHER AGENCY FOR ASSISTANCE? ☐ YES ☒ NO
IF SO, WHICH AGENCY?

HAVE YOU HIRED AN ATTORNEY? ☐ YES ☒ NO
IF SO, PROVIDE ATTORNEY'S CONTACT INFORMATION:

IS COURT ACTION PENDING? ☒ YES  ☐ NO

DID YOU MAKE ANY PAYMENTS TO THE INDIVIDUAL OR BUSINESS? ☐ YES ☒ NO

| HOW MUCH WERE YOU ASKED TO PAY? $2750.00 | HOW MUCH DID YOU ACTUALLY PAY? Nothing |
|---|---|
| DATE OF PAYMENT: | PAYMENT METHOD: |

*Continue to Section 4 to describe complaint.*

Facebook: /NVAttorney General  Twitter: @NevadaAG  YouTube: NevadaAG

# SECTION 4:  DESCRIBE YOUR COMPLAINT:

➤ *(to add attachments, see Section 5)*

I signed a initial one year rental lease on March 15,2018. during the course of my lease I signed a two year extension. My lease want expire until March 31,2021 I have submitted my original lease for review marked tenant lease. My two year extension is just a cover page where ( AHP REALITY LLC) just added the new dates and I signed my new lease extension. On or about October 2,2019 ( AHP REALITY LLC) and property manager ( Vivian R. Mao) tried to illegally evict me. I had a court date in front of Las Vegas Justice Court hearing master (David Brown). I was not present at the hearing because I had to work but occupant ( Monique Brown) attended the hearing.

During the hearing the court kept referring to Ms. Brown, as a tenant which she is not listed as one in my lease only I am. The tenant is the one that gets evicted then all others follow as occupants. During the hearing the court kept referring to Ms. Brown, as a tenant because her personal information was listed on my lease. Once I spoke with Ms. Brown, and she informed me of the court saying she was a tenant, her name and contact number was on my lease. Which it should not be I am the only person that signed the lease and initial all required areas.

I was concerned about the court actions so I went to the clerks office to get a copy of the complaint the property manager filed and the lease it submitted to the court. I have enclosed the lease marked landlord. Upon review I noticed the landlord added
Ms. Brown, name and contact information to my lease to make it appear to the court that she was a tenant. The landlord also changed the dates of my lease to make it seem I signed a one lease for two years from 04/01/18 to 03/31/20.

The landlord actions are illegal this is fraud, forgery and identity theft. Ms. Brown, initials are not on my original lease her contact information is not on my original lease and the dates of my original lease were fraudulently changed. Please look at the two versions of the leases submitted this is criminal conduct. I contacted the landlord and informed her that I found out about the changing of and altering my lease and submitted the fraudulent lease to the court she admitted she did it. On about October 21,2019 we had an emergency that required immediate assistance I contacted property manager
( Vivian R. Mao) and she replied via text dont contact her no more because she no longer manage the property. I requested the owner contact number she never provided the information.

Months have went by and I never heard from the landlord and on February 2, 2020 I received a notice from the old landlord because the last correspondence I received she told me dont contact her because she no longer manages the property. I wanted to verify that Vivian R. Mao, is now managing the property again. Before I give her $2750.00 she never would confirm she was managing the property again neither would her office confirm she was managing the property again. I have text  her numerous times trying to confirm she was and to date she has never stated she is again managing the property again. I believe she is attempting to extort monies from me.

Finally the governor has put in place an eviction moratorium and yet the landlord is still attempting to evict me which is in violation of the governors orders.

EMAIL *AGCOMPLAINT@ag.nv.gov to submit any additional information*

## SECTION 5: EVIDENCE

List and attach photocopies of any relevant documents, agreements, correspondence or receipts that support your complaint.  Copy both sides of any canceled checks that pertain to this complaint.

My original lease marked tenant lease and lease marked landlord.

## SECTION 6: WITNESSES

List any other known witnesses or victims.  Please provide names, addresses, phone numbers, email address and website information.

Monique Brown
6681 Tara Ave
Las Vegas, Nv 89146
(503) 381-5158

## SECTION 7: SIGN AND DATE THIS FORM

(The Attorney General's Office will not process any unsigned, incomplete or illegible complaint forms)

I understand that the Attorney General is **not my private attorney**, but rather represents the public by enforcing laws prohibiting fraudulent, deceptive or unfair business practices. I understand that the Attorney General does **not** represent private citizens seeking refunds or other legal remedies. I am filing this complaint to notify the Attorney General's Office of the activities of a particular business or individual. I understand that the information contained in this complaint may be used to establish violations of Nevada law in both private and public enforcement actions. In order to resolve your complaint, we may send a copy of this form to the person or firm about whom you are complaining. I authorize the Attorney General's Office to send my complaint and supporting documents to the individual or business identified in this complaint. I also understand that the Attorney General may need to refer my complaint to a more appropriate agency.

I certify under penalty of perjury that the information provided on this form is true and correct to the best of my knowledge.

### ****ONLY COMPLAINTS THAT ARE SIGNED WILL BE PROCESSED****

SIGNATURE: *Parnell Colvin*
PRINT NAME: PARNELL COLVIN
DATE: 6/6/2020

Facebook: /NVAttorneyGeneral  Twitter: @NevadaAG  YouTube: NevadaAG

➤ **SECTION 8: OPTIONAL INFORMATION**

*GENDER:* ☑MALE ☐FEMALE

*ETHNICITY:*

| | | |
|---|---|---|
| ☐ WHITE/CAUCASIAN | ☑ BLACK/AFRICAN AMERICAN | ☐ HISPANIC/LATINO |
| ☐ NATIVE AMERICAN/ALASKAN | ☐ ASIAN/PACIFIC ISLANDER | ☐ OTHER: |

*HOW DID YOU HEAR ABOUT OUR COMPLAINT FORM (CHOOSE ONE):*

| | | |
|---|---|---|
| ☐ CALLED/VISITED OUR CARSON CITY OFFICE | ☑ SEARCH ENGINE |
| ☐ CALLED/VISITED OUR LAS VEGAS OFFICE | ☑ AG SOCIAL MEDIA SITE |
| ☐ CALLED/VISITED OUR RENO OFFICE | ☐ ATTENDED AN AG PRESENTATION |
| ☐ NEVADA OFFICIAL/ELECTED OFFICIAL | ☐ OTHER |

*MARK ALL THAT APPLY*

| | | |
|---|---|---|
| ☐ INCOME BELOW POVERTY LEVEL | ☐ MILITARY SERVICEMEMBER |
| ☐ DISASTER VICTIM | ☐ IMMEDIATE FAMILY OF SERVICEMEMBER/VETERAN |
| ☐ PERSON WITH DISABILITY | ☐ VETERAN |
| ☐ MEDICAID RECIPIENT | ☐ OTHER: |

Facebook: /NVAttorneyGeneral  Twitter: @NevadaAG  YouTube: NevadaAG

*EMAIL AGCOMPLAINT@ag.nv.gov to submit any additional information*

## ADDITIONAL COMMENTS:

*What are you hoping the Attorney General's office can do for you?*

I am requesting that Attorney General office will bring charges against the landlord Vivian R. Mao, and AHP REALITY LLC. There conduct is clearly illegal. They committed fraud, forgery, identity theft and are in violation of the governors eviction moratorium order. They must be held accountable for there deliberate and intentional illegal conduct and actions.

RE: Tako LLC told me they want participate in rental program

From:  Maureen Groneman (mkg@clarkcountynv.gov)

To:     pc681@yahoo.com

Cc:     david.balberdi@clarkcountynv.gov

Date:   Tuesday, May 25, 2021 at 11:25 AM PDT

Good morning Mr. Colvin,

We have been in touch with the owners and they have decided not to participate in the CHAP program, however, we cannot move forward with issuing a payment until you complete an application through the CHAP portal.

You also need to complete a W9 and provide your lease agreement and a self-written statement indicating the dates and amounts of rent you owe. David will let you know if there are any other documents needed.

Regards,

Maureen Groneman

Office Services Manager

1600 Pinto Lane

Las Vegas NV, 89106

Ph# 702-455-5720

Fax# 702-455-6260

Office hours Monday-Thursday 7:30am-5:30pm

**From:** Mike Brown <pc681@yahoo.com>
**Sent:** Monday, May 24, 2021 2:25 PM
**To:** Maureen Groneman <MKG@ClarkCountyNV.gov>
**Cc:** Mike Brown <pc681@yahoo.com>; David Balberdi <David.Balberdi@ClarkCountyNV.gov>
**Subject:** Tako LLC told me they want participate in rental program

Hello, this is Parnell Colvin

I just wanted to touch basis with again in regards to the owner I believe from the new guidance there time to respond has come and gone. Also has the owner responded at all? I went to the owner home and was told Tako LLc  want participate in the rental program. At this point I am requesting direct payment your response to my position would be very appreciated. Thank you and I look forward to hearing you.

RE: 2021 ERA CHAP Housing Assistance Program

From:  Alma Tejada (alma.tejada@clarkcountynv.gov)

To:  pc681@yahoo.com

Date:  Wednesday, October 13, 2021 at 02:52 PM PDT

Hello Parnell,

As discussed, I am informing you of your landlord's decision regarding participation with the CHAP program. Your landlord has replied that they do not want to participate in the CHAP program. Please make sure to complete the CHAP Rent Attestation form that was requested of you in my email dated 10/12/21.

Thank you,

## Alma Tejada | Senior Family Services Specialist

**Clark County Social Service**

1600 Pinto Lane, Las Vegas, NV 89106

**T:** 702.455.3299 | **F:** 702.380.9812

**E:** Alma.Tejada@ClarkCountyNV.gov  **W:** Clark County Social Service

**Work Schedule: Tuesday to Friday 7:00 AM – 5:30 PM**

♻ Please consider the environment before printing this email.

*This message is for the sole use of the intended recipients(s) and may contain confidential and/or privileged information.  Any unauthorized review, use, disclosure, or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original.*



**From:** Alma Tejada
**Sent:** Tuesday, October 12, 2021 2:29 PM
**To:** pc681@yahoo.com
**Subject:** 2021 ERA CHAP Housing Assistance Program

Hello Parnell,

Please provide the following in order to process your CHAP application.

-A copy of the 3 NV Energy bills you would like to include in your application.

-Since you report no income in the last 60 days the attached 2021 CHAP Income Self-Attestation form must be completed, including initialing section 3.

-Complete the CHAP Rent Attestation form to include the 3 months of rent you would like CHAP to pay. *We will only use this form and the information you provide if your landlord decides not to receive assistance from CHAP.*

**Please submit (preferably by email) the needed information by 10/22/21.**

## Alma Tejada | Senior Family Services Specialist

**Clark County Social Service**

1600 Pinto Lane, Las Vegas, NV 89106

**T:** 702.455.3299 | **F:** 702.380.9812

E: Alma.Tejada@ClarkCountyNV.gov  W: Clark County Social Service

**Work Schedule: Tuesday to Friday 7:00 AM – 5:30 PM**

☮ Please consider the environment before printing this email.

*This message is for the sole use of the intended recipients(s) and may contain confidential and/or privileged information.  Any unauthorized review, use, disclosure, or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original.*





JUNE 08, 2006 | JUDICIAL WATCH

# Wild West Judges In Las Vegas

Las Vegas is known as "Sin City" for its wild nightlife, nonstop gambling establishments and strip clubs but it turns out that its judicial system operates in similar impropriety, with judges who routinely rule in cases involving friends and business associates and in favor of lawyers who donate big bucks to their campaigns.

A **three-part investigative series about the courts of Sin City** shows how the 21 judges in the Las Vegas court system dispense a style of frontier justice, a fast and loose Wild West system that clearly violates ethical and legal boundaries. They hear civil and criminal cases and can be assigned anywhere in Nevada yet are considered district judges because they work out of courthouses in the judicial districts where they are elected.

The judges openly accept money and lavish fundraising parties from lawyers with big cases before them and lawyers publicly admit that, in Las Vegas, giving money to a judge's campaign creates a hedge against bad things happening. Both parties call it "Hometown Justice" and one veteran Las Vegas attorney said financial contributions get you juice with a judge, adding that if you have juice, you get different treatment.

Those who don't dish out the dollars will be punished with unfavorable rulings. One California business owner who refused to contribute to the campaign of the Las Vegas judge presiding over a case involving his company, asked the judge to withdraw from the case. The judge refused, the case went to trial and the business owner was ordered by the judge to pay $1.5 million in damages.

The investigative series also provides numerous anecdotes of judges who ran unopposed yet collected thousands of dollars and gifts such as televisions, fancy wine and theater tickets from attorneys with cases assigned to their courtroom. One judge gave $10,000 of unspent campaign money to his girlfriend. Not surprisingly, they all claim that their decisions are based on the facts and the law and that they don't even know who contributes to their campaign.

A big part of the problem is that the state's highest court, the Nevada Supreme Court, allows such lawless behavior because those justices also collect money from lawyers and casinos for their own campaigns. The state also does not require judges to reveal when their donors appear before them.

---

© 2019 Judicial Watch, Inc.

Judicial Watch is a 501(c)(3) nonprofit organization. Contributions are received from individuals, foundations, and corporations and are tax-deductible to the extent allowed by law.

Shop   Donate

AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

# UNITED STATES DISTRICT COURT
## for the
### District of Nevada

| | |
|---|---|
| PARNELL COLVIN | ) |
| *Plaintiff/Petitioner* | ) |
| v. | ) Civil Action No.  2:22-CV-01928 |
| TAKO LLC | ) |
| *Defendant/Respondent* | ) |

## APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
### (Short Form)

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1. *If incarcerated.* I am being held at: _____ .
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name.  I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2. *If not incarcerated.*  If I am employed, my employer's name and address are:

My gross pay or wages are:  $ _____ 1,199.00 , and my take-home pay or wages are:  $ _____ 1,199.00 per

*(specify pay period)* _____ MONTHLY _____ .

3. *Other Income.* In the past 12 months, I have received income from the following sources *(check all that apply)*:

(a) Business, profession, or other self-employment    ☐ Yes      ☑ No
(b) Rent payments, interest, or dividends    ☐ Yes      ☑ No
(c) Pension, annuity, or life insurance payments    ☐ Yes      ☐ No
(d) Disability, or worker's compensation payments    ☑ Yes      ☐ No
(e) Gifts, or inheritances    ☐ Yes      ☑ No
(f) Any other sources    ☐ Yes      ☑ No

*If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*

I am disabled and I receive ssi.

AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

4.  Amount of money that I have in cash or in a checking or savings account:  $ _____ 100.00 .

5.  Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value)*:

NONE.

6. Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense)*:

Food, power bills and basic necessities.

7.  Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:

AC Daughter $130
PC son $130
EC SON $130
MC Daughter $130

8.  Any debts or financial obligations *(describe the amounts owed and to whom they are payable)*:

power company $740.

*Declaration:*  I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date: _____11/28/2022_____          _____
                                                                          *Applicant's signature*

                                                         _____PARNELL COLVIN_____
                                                                          *Printed name*

## UNITED STATES DISTRICT COURT

**FOR THE DISTRICT OF** Nevada

### Form 1. Notice of Appeal from a Judgment or Order of a
### United States District Court

U.S. District Court case number: 2:22-cv-01928

      Notice is hereby given that the appellant(s) listed below hereby appeal(s) to the United States Court of Appeals for the Ninth Circuit.

Date case was first filed in U.S. District Court: November 1,2022

Date of judgment or order you are appealing: 11/23/2022

Docket entry number of judgment or order you are appealing: 9

Fee paid for appeal? *(appeal fees are paid at the U.S. District Court)*

○ Yes    ○ No    ○ IFP was granted by U.S. District Court

**List all Appellants** *(List **each** party filing the appeal. Do not use "et al." or other abbreviations.)*

PARNELL COLVIN

Is this a cross-appeal? ○ Yes    ⦿ No

If yes, what is the first appeal case number?

Was there a previous appeal in this case? ○ Yes    ⦿ No

If yes, what is the prior appeal case number?

Your mailing address (if pro se):

6681 TARA AVE

City: LAS VEGAS    State: NV    Zip Code: 89146

Prisoner Inmate or A Number (if applicable):

**Signature** Parnell Colvin    **Date** November 29, 2022

*Complete and file with the attached representation statement in the U.S. District Court*

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

**Form 1**    *Rev. 06/09/2022*

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
### Form 6. Representation Statement

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form06instructions.pdf*

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*
Name(s) of party/parties:

PARNELL COLVIN

Name(s) of counsel (if any):

Address: 6681 TARA AVE

Telephone number(s): (503) 490-6564

Email(s): PC681@YAHOO.COM

Is counsel registered for Electronic Filing in the 9th Circuit?   ○ Yes   ◉ No

**Appellee(s)** *(List only the names of parties and counsel who will oppose you on appeal. List separately represented parties separately.)*
Name(s) of party/parties:

PARNELL COLVIN

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

*To list additional parties and/or counsel, use next page.*

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

**Form 6**                    *1*                    New 12/01/2018

Continued list of parties and counsel: *(attach additional pages as necessary)*

**<u>Appellants</u>**

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Is counsel registered for Electronic Filing in the 9th Circuit?   ○ Yes   ○ No

**<u>Appellees</u>**

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*