# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Parnell Colvin,<br><br>                Plaintiff<br><br>    v.<br><br>Tako, LLC,<br><br>                Defendant | Case No. 2:22-cv-01928-CDS-NJK<br><br>**Order Granting Motion to Remand, Denying Motion for Removal, and Closing Case**<br><br>[ECF Nos. 2, 4] |

      Pro se plaintiff Parnell Colvin seeks, for the fourth time, to remove to this court the same eviction action brought against him by defendant Tako, LLC in the Las Vegas Justice Court. Removal Mot., ECF No. 2. Colvin alleges that this court has federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1441(b). *Id.* He also alleges that this court has supplemental jurisdiction under 28 U.S.C. § 1367. *Id.* Tako filed an emergency motion to remand to state court. Remand Mot., ECF No. 4. Tako contends that this court lacks jurisdiction because there is no diversity of citizenship, as Colvin and the members of Tako are all residents of Clark County, Nevada. *Id.* at 3. And it alleges that there is no federal question, as this is a simple summary-eviction matter. *Id.* at 3. In his response, Colvin argues that Tako "illegally created a false fake lease contract, stole[] Ms. Brown['s] identity which is identity theft, then forged her personal information on a[n] illegal[ly] created contract and signed her name." Resp., ECF No. 8 at 4. For the reasons set forth herein, I hereby deny Colvin's motion for removal and grant Tako's motion to remand to state court.

I.  Discussion

As a threshold matter, this court has no jurisdiction over this action. There is no federal-question jurisdiction over the underlying litigation. United States District Courts have original federal-question jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, an action "arises under" federal law only if the federal question appears on the face of the complaint. Here, Colvin alleges that federal-question jurisdiction exists based on Tako's violation of criminal statutes 18 U.S.C. §§ 1028 and 1343. Compl., ECF No. 1 at 2; *see also* ECF No. 8 at 4–5. Yet for Colvin to "allege a claim under a federal statute, the statute must provide for a private right of action." *Riley v. Quality Loan Serv. Corp.*, 2019 WL 157838, at *2 (S.D. Cal. Jan. 10, 2019) (see *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979)). For a private right of action to exist, the legislature must expressly state in a statute that private persons have the right to sue if someone violates the law. The Ninth Circuit has held that the criminal wire-fraud statute, 18 U.S.C. § 1343, "does not evince an intent by Congress to create a private right of action." *Id*; *see also Chen v. T.T. Group*, 2014 WL 12613519 (C.D. Cal. May 29, 2014) ("18 U.S.C. §§ 1341 and 1343 are criminal wire fraud statutes. They do not create civil causes of action, nor do they give this [c]ourt permission to hear state contract claims"). The same is said for the violation of criminal statute 18 U.S.C. § 1028. *Murphy v. JP Morgan Chase*, 2015 WL 2235882, at *4 (E.D. Cal. May 11, 2015); *see also Lassetter v. Brand*, 2011 WL 4712188, *2 (W.D. Wash. Oct.4, 2011) (holding that 18 U.S.C. § 1028 provides no private right of action and cannot form basis for civil suit).

Nor does this court have diversity jurisdiction over the underlying litigation. A federal court's diversity jurisdiction extends "to all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . [c]itizens of different [s]tates." 28 U.S.C. § 1332(a)(1). This action involves Colvin—a Nevada resident who lives in the property at the heart of this dispute—and Tako, a Nevada limited liability company. For purposes of diversity jurisdiction, a limited liability company (LLC) has the citizenship of the state in which its members are

citizens. 28 U.S.C. § 1332(a)(1); *see also Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006). The members of Tako are residents of Clark County, Nevada. ECF No. 4 at 3. Accordingly, complete diversity does not exist because Colvin and Tako are both Nevada residents.

District courts have discretion to decline to exercise supplemental jurisdiction if: "(1) the claim raises a novel or complex issue of [s]tate law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). In evaluating these exceptions, I find that all weigh in favor of declining to exercise supplemental jurisdiction. Colvin's alleged claims do not raise a novel or complex issue of [s]tate law, and as demonstrated *supra*, this court has no original jurisdiction over his allegations of violations of federal statutes. In addition, courts may decline to exercise supplemental jurisdiction "in the interests of judicial economy, convenience, fairness, and comity." *Rutherford v. Ara Lebanese Grill*, 2019 WL 1057919, at *3 (S.D. Cal. Mar. 6, 2019) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)). Thus, I find Colvin's pattern of using the federal court system as a loophole to delay the ongoing eviction proceedings brought against him by Tako in the Las Vegas Justice Court as a compelling reason to decline supplemental jurisdiction.

Finally, this court does not have removal jurisdiction. A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed in the federal court at the time the complaint was filed. 28 U.S.C. § 1441(a). On a motion to remand, the removing defendant must overcome the "strong presumption against removal jurisdiction" and establish that removal is proper. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Due to this strong presumption against removal jurisdiction, the court resolves all ambiguity in favor of remand to state court. *Gaus*, 980 F.2d at 566. Here, Colvin moved to remove the state-court proceeding to this court.

Not only is removal in this action not proper because this court does not have original jurisdiction over the case, but also, **only defendants—not plaintiffs**—may remove civil actions from state to federal court. 28 U.S.C. § 1446 ("A defendant . . . desiring to remove any civil action from a [s]tate court shall file in the district court of the United States for the district and division within such action is pending . . .")(emphasis added). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

Consequently, given the "strong presumption" against removal jurisdiction, I find that Colvin has not met his burden of establishing that removal is proper in this action. *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Because "the court resolves all ambiguity in favor of remand to state court," *Gaus*, 980 F.2d at 566, (9th Cir.1992), I grant Tako's motion to remand to state court.

### III.  Conclusion

IT IS THEREFORE ORDERED that plaintiff's **motion for removal [ECF No. 2]** is DENIED.

IT IS FURTHER ORDERED that defendant's **motion to remand [ECF No. 4]** is GRANTED.

IT IS FURTHER ORDERED that this case is remanded back to the Las Vegas Justice Court, Clark County, Nevada, for lack of subject-matter jurisdiction.

The Clerk of Court is directed to CLOSE THIS CASE.

DATED: December 5, 2022

_____
Cristina D. Silva
United States District Judge