UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Parnell Colvin,<br><br>        Plaintiff<br><br>v.<br><br>Tako, LLC,<br><br>        Defendant | Case No. 2:22-cv-01928-CDS-NJK<br><br>**Order Declaring Plaintiff a Vexatious Litigant and Imposing a Pre-filing Injunction** |

      On December 5, 2022, I granted defendant Tako, LLC's motion to remand and dismissed for lack of subject-matter jurisdiction the claims brought by pro se plaintiff Colvin. Order, ECF No. 12. Prior to that decision, I ordered Colvin to show cause in writing why he should not be deemed a vexatious litigant and be subject to a pre-filing injunction in this district. Order, ECF No. 10. Colvin filed a response to that show-cause order, but I find it non-responsive, as it merely reasserts the claims underlying the instant action and conclusorily argues that my decisions stem from bias and impartiality. Resp., ECF No. 11. Having thoroughly reviewed the circumstances of this case, and the numerous others that Colvin has filed in this district, I find that he has abused the judicial process in a fashion that not only wastes judicial resources in this district, but also interferes with and harasses the parties involved in his state-court cases. Colvin's persistent attempts to circumvent the eviction proceedings brought against him—despite the repeated dismissals for lack of subject-matter jurisdiction by various judges in this district—warrant the extreme remedy of a pre-filing order prohibiting him from filing any further lawsuits related to any eviction proceedings brought against him in local or state court without first obtaining prior court approval.

## I. Legal standard

Federal district courts possess the inherent authority to issue writs—including pre-filing orders—to prevent vexatious litigants from filing frivolous lawsuits and abusing the judicial process. *Moy v. United States*, 906 F.2d 467, 469 (9th Cir. 1990); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 1651(a)). Pre-filing orders are an extreme remedy and should be granted only "after a cautious review of the pertinent circumstances." *Molski*, 500 F.3d at 1057. Before entering a pre-filing order, the district court must provide notice and an opportunity to be heard to the party against whom the order is sought. *Id.* If the court imposes a pre-filing order, it must set forth which cases and motions support its conclusion that the party's filings are so numerous or abusive that the party should be enjoined, make substantive findings as to the frivolous or harassing nature of the litigant's actions, and narrowly tailor the order to "fit the specific vice encountered." *Id.* (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990)).

District courts considering the imposition of a pre-filing order on a potentially vexatious litigant should consider four factors. *Id.* The first two requirements, "(1) notice and an opportunity to be heard and (2) the creation of an adequate record, are procedural considerations—that is, the factors define '[a] specific method or course of action' that district courts should use to assess whether to declare a party a vexatious litigant and enter a pre-filing order." *Id.* at 1057–58 (quoting *Black's Law Dictionary* 1241 (8th ed. 2004)). The latter two factors, requiring "(3) findings of frivolousness or harassment and (4) that the order be narrowly tailored to prevent the litigant's abusive behavior, are substantive considerations—that is, the factors help the district court define who is, in fact, a vexatious litigant." *Id.* at 1058. Those factors allow a district court to "construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts." *Id.*

/ / /

/ / /

## II. Analysis

Having carefully reviewed the record and the pertinent circumstances, I find that a narrowly tailored order prohibiting Colvin from filing or removing any litigation related to any eviction proceeding in this court—before first obtaining court approval—is appropriate.

### i. *Notice and an opportunity to be heard*

The show-cause order issued on November 28, 2022, provided Colvin with clear notice that I was considering declaring him a vexatious litigant and subjecting him to a pre-filing injunction. ECF No. 10. The order directed Colvin to submit a response, thereby giving him the opportunity to be heard. Colvin argues in his response that I am biased and prejudiced against him. ECF No. 11 at 1–2. He also asserts several other unsubstantiated allegations against the court and opposing counsel. *Id.* at 2–3. Because it mostly consists of conclusory statements that rely on no case law, I find it insufficient to demonstrate why he should not be deemed vexatious.

### ii. *Creation of an adequate record*

Colvin has initiated at least six lawsuits related to the eviction proceedings brought against him in state court. Some cases overlap or were filed within days of each other (*comparing Colvin III v. AHP Realty, LLC et al.*, 2:19-cv-001403-KJD-VCF (filed August 15, 2019, closed May 4, 2021) *with Colvin v. AHP Realty, LLC, et al.*, 2:20-cv-00343-GMN-NJK (filed February 18, 2020, closed December 28, 2020); *comparing Colvin v. Tako, LLC*, 2:21-cv-01373-APG-BNW (filed July 21, 2021, closed January 6, 2022) *with Colvin v. Tako, LLC*, 2:22-cv-00082-CDS-DJA (filed January 18, 2022, closed November 7, 2022); *comparing Tako, LLC v. Colvin*, 2:22-cv-01837-APG-NJK (filed November 1, 2022, closed December 6, 2022) *with Colvin v. Tako, LLC*, 2:22-cv-01928-CDS-NJK (filed November 15, 2022, closed December 5, 2022)). Each one is cloaked in the same language of federal civil rights or constitutional violations and, most recently, violations of federal criminal statutes. All have been dismissed for lack of subject-matter jurisdiction, failure to prosecute, or failure to comply with the law or court order. *See Colvin III v. AHP Realty, LLC et al.*, 2:19-cv-001403-KJD-VCF (failure to demonstrate proof of service then dismissed for want of

prosecution); *Colvin v. AHP Realty, LLC, et al.*, 2:20-cv-00343-GMN-NJK (failure to demonstrate proof of service and dismissed for lack of jurisdiction); *Colvin v. Tako, LLC*, 2:21-cv-01373-APG-BNW (dismissed with leave to amend for failure to state a claim, then closed because Colvin failed to amend); *Colvin v. Tako, LLC*, 2:22-cv-00082-CDS-DJA (dismissed for lack of subject-matter jurisdiction); *Tako, LLC v. Colvin*, 2:22-cv-01837-APG-NJK1 (dismissed for lack of subject-matter jurisdiction); *Colvin v. Tako, LLC*, 2:22-cv-01928-CDS-NJK (dismissed for lack of subject-matter jurisdiction).

    iii. *Findings of frivolousness or harassment*

  The Ninth Circuit has adopted the Second Circuit's five-factor test to determine "whether a party is a vexatious litigant and whether a pre-filing order will stop the vexatious litigation." *Molski*, 500 F.3d at 1058 (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)). Such factors include "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." *Safir*, 792 F.2d at 24. Although Colvin has not filed an extraordinary number of lawsuits, the repeated, similar complaints that he files, and his attempts at "removal," all raise the same or similar claims against the same defendants. Multiple overlapping lawsuits filed against the same defendants, containing various allegations that do not give rise to a cognizable cause of action, demonstrate a pattern of vexatiousness and harassment that flagrantly abuses our judicial system. Thus, the first factor of the *Safir* test weighs in favor of a finding of vexatiousness.

  As to the second factor, Colvin's motives in pursuing litigation are seemingly to delay or evade the eviction proceedings brought against him by his landlords in state court. All of the cases involve the same set of central, operative facts alleging that the defendants have not

complied with the law, or have violated the law, in attempting to evict him from his residence. Because his claims are regularly dismissed with explanation of why they fail, he cannot possibly have an objective good-faith expectation that he is likely to prevail. The second factor therefore weighs in favor of a finding vexatiousness.

As to the third factor, Colvin is not represented by counsel in the instant case, nor was he in any of the other cases. This factor weighs in favor of a finding of vexatiousness. As to the fourth factor, Colvin has indeed caused unnecessary expense to the parties and placed a needless burden on the courts. The record clearly reflects that Colvin regularly files lawsuits despite knowing that this court lacks subject-matter jurisdiction. Nevertheless, the court is duty-bound to read through each filing that comes before it. Court personnel spend significant time and resources attempting to understand Colvin's filings, ensure that they conform with the federal and local rules, and determine whether cognizable causes of action are contained therein. The parties, even when not properly served, likewise repeatedly waste significant time and expenses defending themselves from the same or similar frivolous claims. Needless to say, this is a flagrant abuse of the judicial system because it consumes the court's time and resources that could be spent on other, less frivolous, lawsuits.[1] This factor also weighs in favor of a finding of vexatiousness and harassment.

Finally, as to the fifth factor, no other sanctions would adequately protect the parties or the judicial system. A pre-filing restriction, drawn as narrowly as possible, is the only way to curtail Colvin's behavior without unduly infringing upon his general rights of access to the courts.

        *iv.*    *Narrowly tailored order*

I find Colvin's actions vexatious and harassing and conclude that a narrowly tailored pre-filing order preventing him from filing further actions against these defendants—and any

---

[1] "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1148.

5

others seeking to evict Colvin in the future—or any matters related to landlord-tenant law or evictions which arise under state or local law, is necessary.

### III. Pre-filing order

I hereby enter a pre-filing order against Colvin.

IT IS ORDERED that Parnell Colvin is deemed a vexatious litigant and is therefore enjoined and prohibited under 28 U.S.C. § 1651(a) from filing **any** complaint, petition, notice (including notice of removal), or other document, as a pro se litigant, either alone or with other plaintiffs, in the United States District Court for the District of Nevada that relate to evictions which arise under state or local law, violations of law during eviction proceedings, landlord-tenant law or residential leases, without first obtaining leave of court.

IT IS FURTHER ORDERED that if Colvin intends to file any papers with this district that relate in any way to an eviction proceeding, he must first:

1. Apply to the Chief Judge of this district for leave to file the initiating documents by submitting to the clerk's office an application bearing the title "Application to Chief District Judge Seeking Leave to File" and which must be supported by a declaration from Colvin, made under penalty of perjury, stating that (1) the matters asserted in the new complaint or papers have never been raised and disposed of on their merits by any court; (2) the claim or claims are not frivolous or made in bad faith; and (3) he has conducted a reasonable investigation of the facts and such investigation supports the claim or claims; and

2. Attach a copy of this order to any such application.

Failure to comply with this order will constitute sufficient grounds for denial of the application without prior notice.

IT IS FURTHER ORDERED that the Clerk of Court is authorized to reject, refuse to file, and discard any new complaint, petition, notice (including notice of removal), or document on a

closed case, or any other litigation-initiating documents submitted pro se without prior compliance with this order. This order shall not apply to any suit in which a licensed attorney represents Colvin or to any action in which Colvin appears as a criminal defendant.

This order shall remain in effect until further notice by this court.

DATED: December 12, 2022

_____
Cristina D. Silva
United States District Judge